In re LOUIE YOU.

(District Court, D. Oregon. September 14, 1899.)

No. 4,471.

ALIENS—EXCLUSION OF CHINESE—EVIDENCE OF NATIVITY.

The uncorroborated testimony of Chinese witnesses will not be accepted as sufficient to identify a Chinese person claiming the right to enter the United States on the ground that he was born in this country, where it is admitted that he left it when 3 years old, and has remained away for 16 years.[1]

[1] As to citizenship of the Chinese generally, see notes to Gee Fook Sing v. U. S., 1 C. C. A. 212, and Lee Sing Far v. U. S., 35 C. C. A. 332.

This was an application by Louie You, a Chinese person, for a writ of habeas corpus. On petition for rehearing. Denied.

James Gleason, for petitioner.
Edwin Mays, for government.

BELLINGER, District Judge. This is a petition for a rehearing in the case of Louie You, in whose behalf a writ of habeas corpus was sued out some time since, and where, upon a hearing, the writ was dismissed for want of proof of the identity of the petitioner. The facts are that the petitioner claims to be one of the sons of a former Chinese merchant residing in this city, named Louie Park. Louie Park left the United States some 16 years ago, with his family, and has since resided in China. He has been deterred from returning to this country by the fact that he became liable, in a civil action, for a very large amount of money, growing out of a business transaction in which he was concerned during his residence in this city. This fact is urged in behalf of the petitioner, as explanatory of the long absence of the alleged son of Louie Park in China. The fact that Louie Park, during his residence in Portland, had children born to him here, is established by white testimony, but there is no white testimony tending to show that the petitioner is one of that family. The petitioner claims that he went away with his father 16 years ago, when he was 3 years of age. Three Chinese witnesses testify that he is the son of Louie Park, born here. One of these is his brother, another is his father's former partner, and a third is the Chinese doctor who claims to have been present at the birth of the petitioner. It may be that this petitioner is the son of Louie Park. I have no means of satisfying myself that he is what he claims to be, unless I accept unreservedly the uncorrobarated testimony of these Chinese witnesses, and this I am unwilling to do. I am not willing to establish the precedent of admitting Chinese persons, who have admittedly remained out of the country for so great a length of time, unless some white witness, or some fact not depending upon Chinese testimony, corroborates the testimony of the Chinese witnesses relied upon to establish the identity of the person who seeks a landing. Those who leave the country when infants must not expect to gain ready readmission after they have, in effect, reached maturity. If satisfactory proof of their right to land is not possible in such a case, the fault is theirs. The difficulty is one easily foreseen. It is true that the father of Louie You seems to have a sufficient reason for his long absence from the country, but this merely explains the absence of himself and family. It makes no difference whether he had a reason for remaining away or whether he ever had an intention to return. These are matters that have little or nothing to do with the question of the nativity of the petitioner, which cannot, under such circumstances, be established by the uncorroborated testimony of Chinese witnesses. The petition is denied.