[Civil No. 699.   Filed March 28, 1900.]

[60 Pac. 692.]

## UNITED STATES OF AMERICA, Plaintiff and Appellant, v. LEE CHING GOON, Defendant and Appellee.

1. APPEAL AND ERROR—CHINESE EXCLUSION ACT—DISCHARGE—NO APPEAL BY UNITED STATES—ACT OF CONGRESS SEPTEMBER 13, 1888, SEC. 13, 25 U. S. STATS. AT LARGE, 479, CONSTRUED.—The United States has no right to appeal from an order made by a court commissioner discharging a Chinaman of the privileged class, the Chinese Exclusion Act (act of Congress, September 13, 1888, sec. 13) authorizing commissioners of United States courts to order the deportation of Chinese not of the privileged class, and giving such Chinese a right of appeal to the United States district court within ten days.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Graham. Fletcher M. Doan, Judge.   Affirmed.

The facts are stated in the opinion.

Robert E. Morrison, United States District Attorney, and Thomas D. Bennett, Assistant United States District Attorney, for Appellant.

Owen T. Rouse, for Appellee.

DAVIS, J.—The appellee was arrested upon a warrant issued by Frank Dysart, a United States commissioner for the

second judicial district, charging him with being in the United States in violation of the Chinese Exclusion Acts. Upon a hearing before the commissioner, he was found and adjudged to be a Chinese person of the privileged class, lawfully entitled to remain in the country, and ordered discharged. The government appealed to the district court from the commissioner's order, and that court dismissed the appeal for want of jurisdiction. The case is here on appeal from the district court's order of dismissal.

The sole question presented is whether the government has the right of appeal to the district court from the order of the commissioner. Section 13 of the act of Congress approved September 13, 1888, (25 Stats. 479,) provides "that any Chinese person, or person of Chinese descent, found unlawfully in the United States, or its territories, may be arrested upon a warrant issued upon a complaint, under oath, filed by any party on behalf of the United States, by any justice, judge, or commissioner of any United States court, returnable before any justice, judge, or commissioner of a United States court, or before any United States court, and when convicted, upon a hearing, and found and adjudged to be one not lawfully entitled to be or remain in the United States, such person shall be removed from the United States to the country whence he came. But any such Chinese person convicted before a commissioner of a United States court may, within ten days from such conviction, appeal to the judge of the district court for the district." An act of May 28, 1896, (29 Stats. 184,) abolished the office of commissioner of the circuit court, authorized the appointment by the district courts of United States commissioners, and provided that all acts and parts of acts applicable to commissioners of the circuit courts, except as to appointment and fees, should be applicable to such United States commissioners. The powers of the commissioner are, in general, those of a committing magistrate; but, for the purposes of the enforcement of the Chinese Exclusion Acts, Congress has enlarged his jurisdiction, in section 13, *supra*, and made it concurrent with that of any justice, judge, or United States court, in deportation cases. The proceeding in these cases is special and statutory. It is analogous to a criminal action, in the respect that the machinery is criminal. But whether the proceeding be criminal or civil in

its nature is not material, in our view, to the determination of the question which the record presents. The right to an appeal depends entirely upon the statute. If the statute does not confer it, it does not exist. There is no general provision of the law authorizing appeals from a United States commissioner to the district court. The act of September 13, 1888, in the section quoted, expressly authorizes an appeal by the defendant to the "judge of the district court" in cases of this nature. It contains no provision, however, for any appeal on behalf of the government, and the maxim "Expressio unius est exclusio alterius" clearly applies. The commissioner is given original and final jurisdiction, concurrent with that of any justice, judge, or United States court; and his judgment, when rendered, cannot be reviewed, except upon an appeal by the defendant. The district court properly dismissed the appeal, and its order in that regard is affirmed.

Street, C. J., and Sloan, J., concur.