UNITED STATES v. LEUNG SAM. SAME v. LEE YEE et al. SAME v. LEUNG FOO et al.

(District Court, W. D. New York. March 13, 1902.)

1. DEPORTATION OF CHINESE—FINDINGS OF COMMISSIONER—REVIEW.
    A finding of a United States commissioner that a Chinese person is not lawfully in the United States will not be disturbed unless clearly against the weight of evidence.

2. SAME—WHO ENTITLED TO REMAIN IN UNITED STATES.
    A person born in the United States, of alien Chinese parents, permanently domiciled here, is a citizen of the United States, and cannot be excluded therefrom or denied the right of entry.[1]

3. SAME—EVIDENCE—SUFFICIENCY.
    The father of a deported Chinaman testified that he had been in the United States 30 years; was married in San Francisco and had one child, the one in question; that at the age of 12 the boy's mother re-

---

[1] See Aliens, vol. 2, Cent. Dig. § 83; 1899B Dig. § 5 [c]; Citizens, 1898 Dig. § 2 [d].

turned to China, the boy remaining and accompanying his father to New York, where he lived with his father three years, and then obtained employment with a third party, working for him five years; that shortly thereafter the boy returned to China to visit his mother, staying three years. He testified that he had received letters from the son while in China, but could not produce any of them. The son testified that he was born in San Francisco; that he visited his mother in China in 1898, remaining until 1901, when he returned, landing in Vancouver, and paying the head tax, and coming into the United States from Canada. No other testimony was offered in his behalf. *Held*, that the commissioner's order deporting the son would not be disturbed.

Charles H. Brown, U. S. Dist. Atty.

Roswell R. Moss, for defendants.

HAZEL, District Judge. This is a proceeding for review of five orders of deportation of Chinese persons made by United States Commissioner Dyott in each of the above-entitled cases. I have examined the evidence upon which the orders of removal are based, and the authorities of analogous cases, to which I am referred by counsel. It does not appear from the record that the commissioner arbitrarily exercised the power given him by the statute in cases of this nature, or that he was lacking in conscientious and sound judicial discretion. It was entirely for the commissioner to determine the credibility of the witnesses and the sufficiency and weight of their testimony, and it is uniformly held that his finding will not be disturbed unless clearly against the weight of evidence. Quock Ting v. U. S., 140 U. S. 417, 11 Sup. Ct. 733, 35 L. Ed. 501; Elwood v. Telegraph Co., 45 N. Y. 549, 6 Am. Rep. 140; Kavanaugh v. Wilson, 70 N. Y. 177; Gee Fook Sing v. U. S., 1 C. C. A. 211, 49 Fed. 147; In re Jew Wong Loy (D. C.) 91 Fed. 240; U. S. v. Chung Fung Son (D. C.) 63 Fed. 261; Lee Sing Far v. U. S., 35 C. C. A. 327, 94 Fed. 834; In re Louie You (D. C.) 97 Fed. 580.

It is undoubtedly true that a person born in this country of Chinese parents, who are permanently domiciled here, though aliens, is a citizen of the United States, and cannot be excluded therefrom or denied the right of entry. U. S. v. Wong Kim Ark, 169 U. S. 649, 18 Sup. Ct. 456, 42 L. Ed. 890. But the question here is whether the evidence offered on behalf of Leung Sam is sufficiently clear and satisfactory upon that point to justify the court in deciding that the commissioner, who had the witnesses before him and heard their testimony, erred in the exercise of sound judicial discretion in entering judgment remanding him. Leung Fong testifies that he came to this country 30 years ago, was married in San Francisco, and had one child, a boy. At the age of 12 his mother went back to China, the boy remaining in this country, accompanied his father to New York City, and lived with him for three years, and then obtained employment with Leung Hor, by whom he was employed for a period of five years. Shortly thereafter he returned to China to visit his mother, and remained for three years. On cross-examination he testifies that, although he received letters from his son while he was in China, he has none that he is able to produce; that his son never took out any papers to show his right to remain here. Leung Sam gave testimony in his own behalf. He states that he was born in San Francisco, and that he is a son of Leung

Fong; that in 1898 he returned to China to visit his mother; that he remained there until October, 1901, when he returned to this country, landing at Vancouver, and paid the head tax; that he came, with the other defendants, into the United States from Canada. That is substantially all the evidence offered in his behalf. No presumption arises from the presented facts that Leung Sam was born in the United States. His right to remain must be affirmatively established to the satisfaction of the commissioner who heard the case, and in whom congress lodged the power and duty to remand. Undoubtedly the commissioner was impressed by defendant's failure to insure his safe re-entry to the United States when, as he claims, he departed therefrom in 1898. Assuming his contention to be true, he would be presumed to have knowledge of the drastic inhibitions of the exclusion act, and therefore the inference is warranted that he would have exercised diligent care to establish his right to entry. Payment by him of a head tax at Vancouver; failure to show by disinterested proof that he formerly resided in this country, which undoubtedly would have been available had he resided in New York for 20 years, as he testified; unfamiliarity to any extent with the English language; failure to show facts from which it could be fairly assumed that he had an acquaintance with the environments of New York or San Francisco,— were pertinent circumstances which justified the commissioner in concluding that an imposition was attempted, the consummation of which it was his duty to prevent.

The case at bar is analogous to that of Gee Fook Sing v. U. S., supra. In that case the petitioner's right to remain in the United States on account of his birth therein was quite similar to that urged here. I quote from the opinion:

"As to each of the cases, we consider that the evidence as a whole does not make as good a case for appellant as it might be reasonably expected a man would make out in his native city, after time for ample preparation, and the case is such as any impostor could easily make. We hold that when, upon a candid consideration of all the evidence in a case, there appears to be room for difference of opinion as to the material facts in issue, this court ought not to reverse the judgment on a question of fact alone."

A cursory examination of the evidence offered in behalf of the other defendants to establish their right to remain in this country reveals the presence of sufficient improbability so that the commissioner was justified in giving it no weight.

I have read the exhaustive brief of defendant's counsel, but, as the other questions raised have been fully passed on and decided adversely by undoubted authority, it seems to me unnecessary to give these questions any further consideration.

The order of removal in each case is affirmed.