## IN THE MATTER OF THE APPLICATION OF LEONG SAI, alias AH SAI, for a writ of *habeas corpus*.

### DECIDED: MARCH 24, 1902.

1.  Application for a writ of Habeas Corpus applied for alleging detention by Collector of the Customs of the port of Honolulu with intent to return petitioner to China, heard by the Court, the petitioner claiming that he was a citizen of the United States; and evidence held insufficient to satisfy the Court of the birth of petitioner in the Hawaiian Islands.

2.  The means of showing that he does not come within the restricted classes is presumably under the control of petitioner; and where, at the time of his alleged birth in the Islands, there was a law making it a penal offense for any parent not to report the birth of a child for registry, and no proof of compliance with such law is introduced on behalf of petitioner, it is a very significant fact against his contention.

CHINESE EXCLUSION LAW.    APPLICATION    FOR    A    WRIT    OF HABEAS CORPUS.

*Messrs. Fitch & Thompson*, attorneys for petitioner.

*Robert W. Breckons*, U. S. District Attorney, representing *E. R. Stackable*, Collector of Customs.

ESTEE, J.    This is an application for a writ of *habeas corpus*, filed in this Court on the 19th day of March, 1902, by one Leong Sai, alias Ah Sai.

The petition alleges that the  petitioner is a · citizen of the United States; that he was born in Manoa Valley, Island of

Oahu, Territory of Hawaii, on the 21st day of October, 1882; that the names of his parents are Leong Chun, his father, (now deceased) and Wong See, his mother, now living in the Empire of China; that petitioner is a resident of Honolulu. That he left the Territory of Hawaii on or about the 22nd day of July, 1901, sailing on the steamer "Nippon Maru" from the port of Honolulu for China, where he remained until the 31st day of December, 1901, when he left China and returned to the Territory of Hawaii, arriving at the port of Honolulu on the steamship "China" on or about the 19th day of January, 1902.

The petition further alleges that he is unlawfully restrained of his liberty by E. R. Stackable, Collector of Customs at Honolulu, by being detained at the U. S. Quarantine Station, and that the said E. R. Stackable threatens to deport the petitioner from this country on the ground that he is not entitled to land under the laws of the United States.

The petition alleged that the said Leong Sai, alias Ah Sai, was and is a citizen of the United States. The writ was issued, made returnable on the 21st day of March, 1902, at the hour of ten o'clock a. m., at which time the said E. R. Stackable produced the body of the petitioner in Court and made a sworn return to the writ served upon him, in which he denies that the petitioner is a citizen of the United States, or that he was born in the Islands, and admits that he has petitioner in custody and alleges that he detains him for the reason that he is a person of Chinese descent, and that he has refused to permit him to be landed in accordance with the provisions of the law in such case made and provided, and that he intends to deport him to China.

The single question for this Court to consider upon the facts in this case, is whether the petitioner was born in the Hawaiian Islands and subject to the jurisdiction thereof, and thus a citizen of the United States. Sec. 1, Art. 17, Const. Hawaii, Civil Laws 1897, P. 6; Section 4 of "An Act to provide a Government for the Territory of Hawaii;" *United States v. Ching Tai Sai and Ching Tai Sun,* decided by this Court Aug. 13, 1901.

The petitioner occupies the affirmative in this class of cases, and he must prove by a preponderance of the evidence that he was born in these Islands. *In re Jew Wong Loy*, 91 Fed. 240; *In re Louie You*, 97 Fed. 580; *Lee Sing Far v. U. S.*, 94 Fed. 834; *U. S. v. Chung Hoy*, 111 Fed. 899, C. C. A.

While the petition alleges that the petitioner was born on the 21st day of October, 1882, in Manoa Valley, near Honolulu, Island of Oahu, in this Territory, the witness testified in his own behalf that he was born in November, 1882; that he went to China when he was two years old with his brother and his parents; that his father is dead and his mother and one brother now live in China; that he remained there until he was twelve years old when he returned to Honolulu; this would be in 1894 or 1895; that he stayed here until 1901 when he again went to China in July of that year, returning to Honolulu on the 19th day of January of this year when the Collector of Customs refused to allow him to enter.

He testified further that he lived in this territory from the time he was twelve years of age (in 1894 or 1895) until 1901, and yet he speaks no English, dresses like a Chinese and has every appearance of a Chinaman.

One Noah Kauhane, an Hawaiian native of the Islands, was called for the petitioner, and testified that he remembers the birth of the petitioner in the Islands; that the petitioner's father was a cook for the witness's father, and being absent from his duties some time in 1882, the witness was sent to find out the reason why; that upon inquiry the cook said to him that a boy baby had been born to him; that he, witness, did not see the child; that afterwards he used to come to Honolulu with his father and he saw this boy and knew it was the same boy; that in 1887, witness came to Honolulu to attend the Kamehameha School, and during that time saw the father and child on the street. When asked by the Court if this China boy was not in China from 1884 to 1894 continuously, he said in reply "he was in Honolulu in 1887, in 1890 and in 1893, the boy that I am giving testimony about."

All of which is in contradiction of the testimony of the petitioner himself who swore that he did not come back to Honolulu from China until he was twelve years old, which would be either in 1894 or 1895, if his allegation as to his birth was true.

The only other witness for petitioner was one Ah Lam, a Chinaman who testified only that he had known petitioner as a waiter for three years prior to his departure for China in 1901.

At the time the petitioner was alleged to have been born in these Islands, the law made it a penal offense for any parent not to report for registration the birth of a child. (Sec. 6, Act of 1878, Compiled Laws of Hawaii, 1884 P. 212). It is presumed that all births of children were registered in accordance with this law. No proof of any compliance with such law was introduced on behalf of the petitioner in this case. This is a somewhat significant fact. As was said in the very recent case of *United States v. Chung Hoy*, affirmed on appeal from this Court, 111 Fed. Rep, 899, the means of showing that he does not come within the restricted classes "is presumably under his own control."

"The testimony of the petitioner as to his birth, founded alone upon statements made to him by his mother, and uncorroborated by any but one witness, who in all other respects absolutely contradicts the petitioner, is entirely unconvincing to this Court, who is therefore compelled to hold that he has not proven his birth in the Islands or that he is a citizen of the United States.

It is ordered that petitioner be remanded to the custody of the Collector of the Customs with directions to deport him to the country from whence he came.