## UNITED STATES v. MAR YING YUEN.

(District Court, W. D. Texas, El Paso Division. May 16, 1903.)

**1. FEDERAL COURTS—LIMITS OF JURISDICTION.**
A court of the United States has such jurisdiction only, original or appellate, as is conferred on it by Congress, within the constitutional limits.

**2. PROCEEDING FOR DEPORTATION OF CHINESE PERSON—DISCHARGE BY COMMISSIONER—RIGHT OF APPEAL.**
An appeal by the United States does not lie from an order of a commissioner discharging a Chinese person arrested for being unlawfully in this country. Section 13, Act Sept. 13, 1888, 25 Stat. 479, c. 1015 [U. S. Comp. St. 1901, p. 1317], which expressly gives the right of appeal to the defendant in case of conviction, by implication limits such right to him.

On Motion to Dismiss Appeal.

The appellee, a Chinese person, was arrested upon a warrant issued by the United States commissioner at El Paso, Tex., for being unlawfully within the United States. Upon the hearing the commissioner held that he was a merchant, and lawfully entitled to remain in the country, and entered an order discharging him from custody. From the order of the commissioner the government has appealed the cause to this court, and counsel for appellee have filed a motion to dismiss the appeal, on the ground that the court is without jurisdiction to entertain an appeal on behalf of the United States.

Henry Terrell, U. S. Atty., and A. G. Foster, Asst. U. S. Atty.
W. H. Burges and Richard F. Burges, for appellee.

MAXEY, District Judge. By the thirteenth section of the act of September 13, 1888, it is, among other things, provided:

"But any such Chinese person convicted before a commissioner of a United States court may, within ten days from such conviction, appeal to the judge of the District Court for the district." 25 Stat. 479, c. 1015 [U. S. Comp. St. 1901, p. 1317].

The right of appeal, by the language quoted, is limited to the convicted Chinese person; but the Assistant Attorney of the United States seems to insist, in his brief, that the government has the constitutional right to bring the case to this court for revision.

Referring to the appellate jurisdiction of the Supreme Court, Mr. Justice Swayne, as the organ of the court, in Daniels v. Railroad Company, 3 Wall. 254, 18 L. Ed. 224, used this language:

"The original jurisdiction of this court, and its power to receive appellate jurisdiction, are created and defined by the Constitution, and the legislative department of the government can enlarge neither one nor the other; but it is for Congress to determine how far, within the limits of the capacity of this court to take, appellate jurisdiction shall be given, and when conferred it can be exercised only to the extent and in the manner prescribed by law. In these respects it is wholly the creature of legislation."

---

¶ 1. See Courts, vol. 13, Cent. Dig. § 792.

See, also, United States v. Young, 94 U. S. 258, 24 L. Ed. 153; Durousseau v. United States, 6 Cranch, 308, 3 L. Ed. 232; Ex parte McCardle, 7 Wall. 506, 19 L. Ed. 264; Barry v. Mercein, 5 How. 103, 12 L. Ed. 70; Wiscart v. D'Auchy, 3 Dall. 321, 1 L. Ed. 619.

In United States v. More, 3 Cranch, 171, 2 L. Ed. 397, it was said by Mr. Chief Justice Marshall:

"If Congress has erected inferior courts, without saying in which cases a writ of error or appeals should lie from such courts to this, your argument would be irresistible; but when the Constitution has given Congress power to limit the exercise of our jurisdiction, and to make regulations respecting its exercise, and Congress, under that power, has proceeded to erect inferior courts, and has said in what cases a writ of error or appeal shall lie, an exception of all other cases is implied. And this court is as much bound by an implied as an express exception."

It must be remembered that, while District Courts of the United States are authorized by the Constitution in the clause which vests the judicial power of the United States in one Supreme Court and in such inferior courts as Congress may from time to time establish, they nevertheless owe their powers and jurisdiction to Congress, and, being creatures of statute, they must look to the statute as the warrant for their authority. Cary v. Curtis, 3 How. 236, 11 L. Ed. 576; Sheldon v. Sill, 8 How. 441, 12 L. Ed. 1147.

Speaking upon this point, it was said by the Supreme Court in The Mayor v. Cooper, 6 Wall. 251, 252, 18 L. Ed. 851:

"How jurisdiction shall be acquired by the inferior courts, whether it shall be original or appellate, or original in part and appellate in part, and the manner of procedure in its exercise after it has been acquired, are not prescribed. The Constitution is silent upon those subjects. They are remitted, without check or limitation, to the wisdom of the Legislature."

Or, in the language of Mr. Justice Swayne: "The whole subject is remitted to the unfettered discretion of Congress." Insurance Company v. Dunn, 19 Wall. 226, 22 L. Ed. 68.

Application of the principles announced in the cases cited renders the conclusion evident that resort must be had to the statute to ascertain the jurisdiction of the District Courts, whether original or appellate; and the rule prescribed by the statute must be the sole guide in determining the extent of the jurisdiction and the manner of its exercise. Section 13 of the act of September 13, 1888, 25 Stat. 479, c. 1015 [U. S. Comp. St. 1901, p. 1317], as has been shown— and, it may be added, there is no other statute upon the subject— confers the right of appeal, in cases of this character, upon the convicted Chinese person. Congress has thus provided at whose instance an appeal may lie, and it can be taken only by the person and to the extent by the act prescribed. By the language used an exception of the government is implied, and, repeating the words of Mr. Chief Justice Marshall, the "court is as much bound by an implied as an express exception."

The court is therefore of the opinion that the act of Congress does not confer upon the United States, in a case of this kind, the right of appeal to this court from an order of a commissioner dis-

charging a Chinese person from custody. The statute here involved has been construed in a similar manner by the Supreme Court of Arizona in the case of United States v. Lee Ching Goon (Ariz.) 60 Pac. 692.

The motion to dismiss the appeal should be granted, and it is so ordered.