UNITED STATES v. LEUNG SHUE et al.

(District Court, N. D. New York. December 18, 1903.)

Nos. 2,657, 2,658.

1. ALIENS—CHINESE—DEPORTATION—CITIZENSHIP—PROOF.

Where, in deportation proceedings under the Chinese exclusion act, a commissioner found that defendants had produced a witness who testified that defendants were born in the state of California, and that such witness was not contradicted, impeached, or discredited in any manner whatsoever, it was error for the court to order their deportation solely on the ground that their right to remain in the United States was discredited by their refusal to take the stand and testify on the demand of the United States attorney.

Appeal from Judgment and Order of the United States Commissioner.

Defendants were arrested at Ogdensburg, August 17, 1903, charged with a violation of the Chinese exclusion act. On the hearing before Hon. Fred J. Gray, United States Commissioner, at Ogdensburg, September 2, 1903, both defendants were represented by counsel, and each admitted himself to be a Chinese person, not of the exempt class, who had entered the United States from Canada. The commissioner found them not lawfully entitled to be or remain within the United States, and ordered them deported to the empire of China, from which judgment and order defendants appeal to this court.

James F. Akin, for appellants.
George B. Curtiss, U. S. Dist. Atty.

RAY, District Judge. The commissioner's finding is as follows:

"On the trial they [defendants] produced as a witness in their behalf to prove the same [citizenship] one Chon Quang, a brother of their father, who

testified that the defendants were born at Fresno, in the state of California. The witness was not contradicted, impeached, or discredited in any manner whatsoever. At the end of the trial the attorney for the United States * * * made the following request: 'The United States requests the defendants to take the stand in their own behalf,' etc. Defendants, by advice of counsel, thereupon refused. I find that the refusal of defendants is of itself alone sufficient to discredit their right to be in the United States, and solely for that reason I ordered them deported to the empire of China."

This holding cannot be sustained. This court has held (U. S. v. Lee Huen [D. C.] 118 Fed. 456):

"If defendants fail to give testimony in their own behalf, and explain doubtful matter peculiarly within their own knowledge, * * * that fact may be commented on, and used to their disadvantage, possibly, for such fact may be considered by the court or commissioner, and justify him in taking testimony that might have been explained or denied, strongly against them. * * * Such silence cannot be taken as proof of any fact or as an admission, but it is a circumstance which may be considered in determining which of two witnesses contradicting each other has testified correctly."

In the case at bar the commissioner expressly finds that witness was not "contradicted, impeached, or discredited in any manner whatsoever." Therefore there was no unsatisfactory or contradictory evidence for defendants to explain. If the evidence had been of a nature which did not satisfy the commissioner by reason of contradictory statements, suspicious circumstances, failure of memory, or the like, then he might well have held, as has been repeatedly held by this court, that defendants' refusal to be sworn and explain these "doubtful matters peculiarly within their knowledge" was such a circumstance, taken in conjunction with their own witnesses' self-impeachment, such as want of recollection, etc., as to justify a judgment of deportation. But here the sole witness in the case swears to the fact of defendants' citizenship, and the commissioner in the strongest terms declares him to be "in no wise contradicted, impeached, or discredited"; in other words, finds him entitled to credit. They have thus proved their case by a credible and credited witness, and there is neither law nor reason for requiring defendants to take the stand and submit to examination in such a case upon pain of deportation. Had the commissioner held that the evidence given, while not contradicted, impeached, or discredited, was not satisfactory and convincing, and left the matter evenly balanced in his mind, then the failure of defendants to take the stand might well be held to turn the scale against them.

Judgment and order of deportation reversed, and defendants discharged.