HONG YON et al. v. UNITED STATES.

JIN DUN et al. v. SAME.

(Circuit Court of Appeals, Second Circuit. June 3, 1908.)

Nos. 266, 267.

ALIENS—CHINESE EXCLUSION ACT—REVIEW OF FINDING OF COMMISSIONER.

It is the settled general rule that the finding of a commissioner, who sees and hears Chinese witnesses sworn in behalf of Chinese persons of the prohibited class seeking entry to the United States, and who reaches the deliberate conclusion that they are not entitled to credit, will not be reversed by an appellate court.

[Ed. Note.—Citizenship of Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.]

Appeal from the District Court of the United States for the Northern District of New York.

On appeals from orders of the District Court for the Northern District of New York affirming orders for the deportation of the appellants made by a United States commissioner.

R. M. Moore, for appellants.

Harry E. Owen, for appellee.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge. The questions in controversy are substantially identical in each of the above-entitled actions.

The defendants are Chinese persons, not members of the exempt class, who came into the United States from Canada. The question presented to the commissioner was whether they were born in the United States and were, therefore, citizens. In each case a single Chinese witness was called who testified in substance that he was the uncle of the respective defendants and that he was born in California. The witness was examined and cross-examined at considerable length. His testimony did not satisfy the commissioner that the fact of citizenship had been established; in other words, he did not believe the witness.

In the second of the above-entitled actions the commissioner gives his reasons for thinking that the story of the witness was fabricated and in both actions he states that he cannot conscientiously say that the defendants have proven to his satisfaction that they were born in this country. The District Judge, on review, reached the same conclusion.

The law is now well settled that the finding of the commissioner, who sees and hears the witnesses and who reaches the deliberate conclusion that they are not entitled to credit, should not be reversed by an appellate court. Chin Bak Kan v. United States, 186 U. S. 193, 200, 22 Sup. Ct. 891, 46 L. Ed. 1121; Quock Ting v. United States, 140 U. S. 417, 11 Sup. Ct. 733, 851, 35 L. Ed. 501; Ark Foo and Hoo Fong v. United States, 128 Fed. 697, 63 C. C. A. 249; Lee Sing Far v. United States, 94 Fed. 834, 35 C. C. A. 327. There are exceptions to this rule but they are inapplicable to the cases at bar.

The decisions should be affirmed.