## WONG CHUN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.   May 10, 1909.)

No. 1,646.

1. ALIENS (§ 32*)—IMMORAL FEMALES—DEPORTATION.
   Where, in deportation proceedings against an alleged immoral alien Chinese woman, she was described in the complaint and warrant as "Sally Doe," and it appeared from her own testimony that she was a Chinese person without a certificate of residence required by law and was not entitled to be or remain in the United States, she was thereby specifically identified by her status, by the place where she was found, and by her own testimony, and hence it was not material that she was not identified as the person named in the complaint and warrant.
   [Ed. Note.—For other cases, see Aliens, Dec. Dig. § 32.*]

2. ALIENS (§ 32*)—CHINESE—DEPORTATION PROCEEDINGS—APPEAL—CONCLUSION OF FACT—REVIEW.
   Act Cong. May 5, 1892, c. 60, § 3, 27 Stat. 25 (U. S. Comp. St. 1901, p. 1320), declares that any Chinese person arrested under the act shall be adjudged to be unlawfully within the United States unless he shall establish by affirmative proof to the satisfaction of the justice, judge, or commissioner his lawful right to remain in the United States.  Held, that a commissioner's finding, after seeing and hearing the witnesses, that they were not entitled to credit, and that an alien was not entitled to remain in the United States, should not be reversed on appeal.
   [Ed. Note.—For other cases, see Aliens, Dec. Dig. § 32.*]

Appeal from the District Court of the United States for the Northern District of California.

McGowan & Worley and F. C. Clift, for appellant.

Robert T. Devlin, U. S. Atty., and Benjamin L. McKinley, Asst. U. S. Atty.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge.   The appellant was arrested upon a complaint filed with the United States commissioner by Richard H. Taylor, inspector of immigration, praying for the arrest of one "Sally Doe," and that upon a hearing she be adjudged to be illegally in the United States, and that the proper order for the deportation of "Sally Doe" be made and entered.

Upon being arrested in a house of prostitution in San Francisco, she was interrogated by the inspector of immigration.   On this examination she gave the name of Wong Chun, and said she was 25 years of age.   When asked when she first came to the United States, she said she was born in San Francisco; afterwards she was asked the same question, and she said she was born in San Jose.   On the examination before the commissioner she said she was born in San Francisco, and was 21 years of age.   Her testimony was contradictory and unsatisfactory to the commissioner.   The commissioner found:

"That the defendant is a Chinese person, and at all times during her residence in the United States has been, and now is, a manual laborer within the true intent and meaning of the Chinese exclusion acts; that on the 31st day of July, 1907, she was found within the state and Northern district of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

California, without the certificate of residence required by section 6 of the act of Congress, entitled 'An act to prohibit the coming of Chinese persons into the United States,' approved May 5, 1892, Act May 5, 1892, c. 60, 27 Stat. 25 (U. S. Comp. St. 1901, p. 1321), and the acts amendatory thereof, and she has not clearly established to my satisfaction that by reason of accident, sickness, or other avoidable cause she has been unable to procure such certificate of residence. I further find that the defendant was not born within the United States.

"And, as a conclusion of law, I find that the defendant is unlawfully in the United States, and is not lawfully entitled to be in and remain therein."

The commissioner thereupon ordered that the defendant, Wong Chun, be deported from the United States. She appealed to the District Court, where the order of deportation was affirmed.

It is objected that the complaint and warrant described the defendant as "Sally Doe," and that she has never been identified as the person named as "Sally Doe" in the original complaint or warrant. The answer to this objection is, the identification consisted in the fact that it appeared from her own testimony that she was not entitled to be and remain in the United States. She was a Chinese person without a certificate of residence as required by law, and it was against such a person found in a particular place that the complaint and warrant were directed; the individual was identified specifically by her status and place where found and by her own testimony rather than by her name. Had she produced a certificate of residence as required by law, or satisfied the commissioner by competent testimony that she was born in the United States, she would have identified herself as belonging to a class of Chinese persons entitled to be and remain in the United States, and this was the material question at issue; failing in this, she became legally identified as belonging to a class subject to deportation. Upon the merits she was not prejudiced in any substantial right by a failure to identify her by the name appearing in the original complaint and warrant of arrest.

It is further objected that on the appeal from the commissioner to the District Court the defendant was not given a trial de novo. The complaint is that the testimony taken before the commissioner was made a part of the record in the District Court without a re-examination of the witnesses who testified before the commissioner and without any ruling being made upon objections to the admission and rejection of testimony. It appears in the testimony taken before the commissioner that the attorney for the defendant asked the commissioner of immigration the following question: "Q. At the time you swore to the complaint in this case, did you have this specific defendant in mind?" To this question the attorney for the United States objected on the ground that the question was incompetent, irrelevant, and immaterial. The commissioner sustained the objection, and an exception was reserved. Thereupon the attorney for the defendant moved to dismiss the proceedings on the ground that it was not shown that the court had jurisdiction over the defendant, for the reason that it did not appear that the person in court was the person described in the complaint and warrant of arrest. This motion and the ruling made thereon by the commissioner was called to the attention of the District Judge when the case was heard in the District Court, but no rul-

ing thereon was made by that court. We think we have sufficiently answered this objection in passing on the direct question of identification; the defendant not having been prejudiced in that respect, she was not deprived of any right by the failure of the District Court to rule upon the motion to dismiss for the same reason.

It is further objected that the order and judgment of the District Court and of the commissioner was contrary to the evidence, and hence contrary to law.

Section 3 of the act of May 5, 1892, 27 Stat. 25, provides as follows:

"That any Chinese person or person of Chinese descent arrested under the provisions of this act or the acts hereby extended shall be adjudged to be unlawfully within the United States unless such person shall establish, by affirmative proof, to the satisfaction of such justice, judge, or commissioner, his lawful right to remain in the United States."

By section 13 of the act of September 13, 1888, c. 1015, 25 Stat. 479 (U. S. Comp. St. 1901, p. 1317), it was provided that any Chinese person convicted before a commissioner of the United States court and adjudged to be one not lawfully entitled to be and remain in the United States may within 10 days appeal from said conviction to the Judge of the District Court in the district.

The law is now well settled that the finding of the commissioner, who sees and hears the witnesses and who reaches the deliberate conclusion that they are not entitled to credit, should not be reversed by an appellate court. Lee Sing Far v. United States, 94 Fed. 834, 35 C. C. A. 327; Ark Foo and Hoo Fong v. United States, 128 Fed. 697, 63 C. C. A. 249; Hong Yon v. United States (C. C. A.) 164 Fed. 330; Quock Ting v. United States, 140 U. S. 417, 11 Sup. Ct. 733, 851, 35 L. Ed. 501; Chin Bak Kan v. United States, 186 U. S. 193, 22 Sup. Ct. 891, 46 L. Ed. 1121.

The judgment of the District Court is affirmed.