## UNITED STATES v. LEE CHUNG.

(District Court, D. New Jersey. July 26, 1913.)

1. ALIENS (§ 32*)—DEPORTATION OF CHINESE—FINDINGS—REVIEW.

On appeal from a commissioner's decision in Chinese deportation proceedings, the commissioner's finding that one or more witnesses were not entitled to belief will not be disturbed, unless it is manifest that he acted arbitrarily.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. § 32.*]

2. ALIENS (§ 32*)—CHINESE PERSON—DEPORTATION—DEFENSE—CITIZENSHIP.

Where, in a Chinese deportation proceeding, defendant claimed that he was born in the United States, and both he and his alleged uncle so testified, and there was no evidence introduced by the United States, except an interpreted statement made by defendant before his arrest, taken down stenographically, in contradiction of some of the evidence given by him, and the commissioner analyzed the testimony of both witnesses, but discredited only that given by defendant, leaving the evidence of the uncle unquestioned, a judgment directing defendant's deportation cannot be sustained.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. § 32.*]

Lee Chung was ordered deported to China, and he appeals. Remanded with instructions.

Robert M. Moore, of New York City, for appellant.

John B. Vreeland, of Morristown, N. J., for the United States.

RELLSTAB, District Judge. In appropriate proceedings, instituted before a United States commissioner, Lee Chung was found to be a Chinese laborer without the certificate of residence required by law, and ordered deported to China. From this order an appeal was taken to this court.

The case is here, not for a trial de novo, but on the testimony taken before the commissioner, and turns on the issue of fact whether the appellant was born in the United States. Section 3 of the act of May 5, 1892 (27 Stat. 25, c. 60 [U. S. Comp. St. 1901, p. 1320]), places upon appellant the burden to "establish, by affirmative proof, to the satisfaction" of the commissioner, his "lawful right to remain in the United States." But two witnesses testified—the appellant and Lee Lin, his alleged uncle. On the part of the United States, only an interpreted statement, made by appellant before his arrest and taken down stenographically, was put in evidence in contradiction of some of the evidence given by him. As is usual in such cases, there was enough testimony (if believed) offered upon the part of the accused to justify the conclusion that he was born in this country.

[1] What credit is to be given to a witness is peculiarly the province of the tribunal before whom he testifies, and what weight is to be accorded to his testimony is involved in his credibility. Where the reviewing court has nothing before it except the transcribed testimony, and the commissioner declares that the witnesses were not entitled to belief, his finding will not be disturbed, unless it is manifest that he acted arbitrarily. See In re Jew Wong Loy (D. C.) 91 Fed. 240; U. S. v. Leung Sam et al. (D. C.) 114 Fed. 702; Wong Chun v. U. S., 170 Fed. 182, 95 C. C. A. 198. Otherwise, the explicitly expressed direction of the statute would be frustrated.

[2] In the present case, the commissioner analyzed the testimony given by both witnesses; but in his estimate thereof he discredits only that given by the appellant. If this is not an inadvertence, the testimony given by Lee Lin is unimpeached, and as he positively asserts that appellant was born in this country, and there is nothing inherently improbable in such testimony, the conclusions reached by the commissioner cannot be affirmed as the record stands.

That the final judgment, when entered, may not stand on premises the result of inadvertence, the record is remanded to the commissioner, with instruction that he report specifically his estimate of the testimony given by Lee Lin, and his reasons therefor, that this court may be advised whether and why such testimony should not be given the effect to which it, on its face, appears to be entitled.