# UNITED STATES
## *v.*
# LOW SING ET AL.

San Juan, Law, No. 1015.

IMPORTING CHINESE SAILORS.

Exclusion Laws—Deportation.

> 1. Deportation proceedings under the exclusion laws are not criminal, but civil in nature. Confinement in jail is a civil form of detention, and is not punishment.

Same—Appeal.

> 2. An appeal lies to the defendant in ten days from the decision of the United States commissioner to the district court and not to the district judge.

Proceeding before Commissioner—Plea of Guilty.

> 3. If a defendant pleads guilty he cannot appeal unless the judgment goes beyond the complaint filed in the case. Where the law authorizes judgment of removal to the country whence the defendant came, a judgment for removal to another country, to wit, to China, is so appealable.

United States v. Low Sing.

Same—Proceedings of Administrator.

4. Deportation proceedings against aliens are administrative, rather than judicial, and are not covered by § 566 of the Revised Statutes, U. S. Comp. Stat. 1901, p. 461, as to trial of issues of fact. When once within the jurisdiction of the district court, the pleadings are made up anew, and the case will be tried *de novo*. The commissioner, however, will ordinarily be sustained upon questions of fact, and this requires that the issues remain practically the same as below.

Pleading—Demurrer.

5. A demurrer interposed after a plea will be disregarded, especially if it be a general demurrer, and not stating a distinct ground; but a demurrer would, under the authority of United States v. Cook, *ante*, 652, even if properly filed, be overruled.

Opinion filed March 30, 1914.

*Mr. W. N. Landers,* United States district attorney, for the United States.

*Mr. Francis E. Neagle* for defendants.

HAMILTON, Judge, delivered the following opinion:

This case comes up on an appeal filed March 9, 1914, by Low Sing, Lum Mee, Leong Dot, and Lum Yin, seamen of the British steamship Norhilda, arrested while on shore leave at Guanica, Porto Rico, on a warrant dated February 26, 1914, charging that they did, "while being members of the crew of the British steamship Norhilda, lying in the aforesaid port of Guanica, Porto Rico, land at said port without having first filed with an immigration officer the proper bond, and were found unlawfully ashore at said port," in violation of § 13 of

the act of Congress of September 13, 1888. At a hearing before United States Commissioner William Falbe on the 27th of February, 1914, the defendants pleaded guilty as charged in the complaint, and thereupon the commissioner ordered that the said defendants "be forthwith removed from the United States to the country whence they came, *i. e.,* the Republic of China," and that until such time as this judgment can be executed they be committed to the jail of the county at Mayaguez, in said district.

1. It has been held that deportation proceedings under the exclusion laws are not criminal, but civil in nature. Foug Yue Ting v. United States, 149 U. S. 698, 730, 37 L. ed. 905, 919, 13 Sup. Ct. Rep. 1016. Confinement in jail is merely an incidental form of detention, and is not to be considered as a punishment. It is true that § 4 of the act of May 5, 1892 (27 Stat. at L. 25, chap. 60, U. S. Comp. Stat. 1901, p. 1319), which made much more stringent the preceding laws, provides that any Chinese person adjudged to be not lawfully within the United States shall be imprisoned at hard labor; but this provision has been declared to be void, because the proceedings are not to be construed as criminal. Wong Wing v. United States, 163 U. S. 228, 41 L. ed. 140, 16 Sup. Ct. Rep. 977. It being a proper exercise of the supreme power of a country to exclude aliens, the process may be in any shape which the law prescribes. It is not necessary that the proceeding be before a court or a judge. It may be committed to any branch of an executive department. The proceeding was properly before the United States commissioner. Lee Lung v. Patterson, 186 U. S. 168, 176, 46 L. ed. 1108, 1111, 22 Sup. Ct. Rep. 795.

2. An appeal lies in ten days from such a decision to the

district court, and not to the district judge, despite the literal wording of § 13 of the act of 1888. Re United States, 194 U. S. 194, 48 L. ed. 931, 24 Sup. Ct. Rep. 629. This right, however, is confined to the defendants, and is not allowed to the government. United States v. Mar Ying Yuen, 123 Fed. 159. The burden of proof is on the arrested Chinese. Act of May 5, 1892, § 3; Ah How v. United States, 193 U. S. 65, 76, 48 L. ed. 619, 622, 24 Sup. Ct. Rep. 357; Tom Hong v. United States, 193 U. S. 517, 48 L. ed. 772, 24 Sup. Ct. Rep. 517. And the decision of the commissioner will not be reversed on questions of fact, except in a clear case. Wong Chun v. United States, 95 C. C. A. 198, 170 Fed. 182.

3. The defendants pleaded guilty before the commissioner, and the question arises, can they now appeal? The general rule is *consensus tollit errorem,* and it would be depriving the proceeding below of all dignity if it can be appealed from by parties after pleading guilty. In this case, however, the plea of guilty was to the charge in the complaint, that is, being Chinese laborers unlawfully within the United States in violation of the act of 1892, which re-enacts in stronger terms the law of September 13, 1888. This section, however, authorizes a judgment that such person "shall be removed to the country whence he came," which in the case at bar is to San Domingo. The judgment actually rendered was that the defendants be forthwith removed from the United States to China. This action of the commissioner was doubtless taken under § 2 of the act of 1892, which provides that such Chinese persons "shall be removed from the United States to China." It is evident, therefore, that the plea of guilty must be confined to the original charge, and that the judgment goes beyond the

complaint, and plea. It is therefore erroneous, and an appeal can be maintained.

4. Deportation proceedings against aliens are administrative, rather than strictly judicial. They are not causes within § 566 of the Revised Statutes, as to trial of issues of fact in the district court. Toy Tong v. United States, 76 C. C. A. 621, 146 Fed. 343. The procedure before the commissioner is less formal than in a regular suit, and when once within the jurisdiction of the district court the pleadings have to be made up anew, and the case will be tried *de novo.* Ibid. Nevertheless, all papers used below are filed in the district court. Re United States, 194 U. S. 194, 48 L. ed. 931, 24 Sup. Ct. Rep. 629. Even if it be that the defendants would have been permitted to withdraw their plea upon request made, in point of fact no such request was made. It is the law that the commissioner will ordinarily be sustained upon questions of fact (Wong Chun v. United States, 95 C. C. A. 198, 170 Fed. 182); and this necessarily requires that the issues remain practically the same. The new trial, therefore, will be limited to considering the facts in connection with the plea. It is true that a so-called demurrer has been interposed, but as a demurrer cannot be interposed after a plea, it will be disregarded. It is, moreover, a general demurrer, and under § 954 of the Revised Statutes, U. S. Comp. Stat. 1901, p. 696 is not proper under the Federal practice in that it does not assign any distinct ground.

5. The same result, however, would be attained if the plea of guilty had been withdrawn and a proper demurrer filed. Under the authority of United States v. Cook, ante, 652, decided in this court March 30, 1914, the defendants were, upon the

admitted fácts, unlawfully within the United States, and therefore subject to deportation.

Judgment, therefore, should be entered on this appeal, that the defendants are found to be not lawfully entitled to remain in the United States, and should be removed from the United States to San Domingo, the country whence they came. The expenses shall be paid by the person who brought the defendants into the United States, as provided in § 13 of the act of 1888, a provision in line with the policy declared in the act of October 22, 1913.

It is so ordered.