## WONG KEOW v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. April 14, 1914.)

No. 2045.

1. ALIENS (§ 32*)—DEPORTATION OF CHINESE—APPEAL—DISMISSAL—DEFECTS IN RECORD.

Where an appeal by a Chinese person from an order of deportation was allowed and perfected, and the record filed contained the orders and decree of the district court, an appeal would not be dismissed, though there was no bill of exceptions or certificate of the evidence, and the only ground of reversal urged was that the district judge erred in affirming the commissioner's order of deportation.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. § 32.*]

2. ALIENS (§ 32*)—DEPORTATION OF CHINESE—APPEAL—RECORD—CERTIFICATE OF EVIDENCE.

On an appeal in a proceeding to deport a Chinese person, the evidence should be brought up by a certificate of evidence under equity rule 75 (198 Fed. xl, 115 C. C. A. xl) rather than by a common-law bill of exceptions.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. § 32.*]

3. ALIENS (§ 32*)—DEPORTATION OF CHINESE—APPEAL—RECORD—QUESTIONS— DENIAL.

On appeal in a deportation proceeding, a motion for leave to bring up a duly authenticated certificate of the evidence long after the term at which the trial was had has ended will be denied, where there is no showing that a certificate of evidence authenticated by the judge will afford

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

. any stronger basis for attacking the order of deportation than is contained in the commissioner's certificate which indicates that the order was properly made.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93-95; Dec. Dig. § 32.*]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois; J. Otis Humphrey, Judge.

Deportation proceeding against Wong Keow. From an order of deportation, defendant appeals. Affirmed.

Charles F. Hille, of Chicago, Ill., for appellant.

James H. Wilkerson, of Chicago, Ill., and Albert L. Hopkins, for the United States.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

BAKER, Circuit Judge. Appellant is a person of Chinese descent. At a hearing before the commissioner, where appellant was represented by counsel who produced and examined witnesses, appellant was adjudged to be unlawfully in this country. On appeal, the district judge heard appellant's witnesses and counsel, and affirmed the ruling of the commissioner.

In the record before us there is physically embodied what purports to be the commissioner's certificate of the evidence before him. But there is no bill of exceptions or certificate of evidence showing what testimony was before the district judge. And the only ground of reversal urged in appellant's original brief is that the district judge, in view of what purports to be the evidence in the record presented to us, erred in affirming the order of deportation.

[1] The government thereupon moved that the appeal be dismissed on the ground that nothing is presented for consideration. But the appeal was allowed and perfected; and the record filed in this court contains the orders and decree of the district court. What the government probably wants is an affirmance on the ground that the record fails to support the assignment for reversal.

[2] As this is an appeal (in a statutory proceeding, however), a certificate of evidence under equity rule 75 (198 Fed. xl, 115 C. C. A. xl), rather than a common-law bill of exceptions, is what would be required. But form is not of the essence, since each has to be authenticated by the trial judge.

[3] Appellant has made a counter motion for leave to apply for and bring up a duly authenticated certificate of evidence. Inasmuch as the term at which the trial was had ended long before the cause was removed here by appeal, compliance with equity rule 75 or with the requirements for a bill of exceptions is impossible unless a nunc pro tunc order could properly be made by the trial court. But we do not enter upon that, and have the less hesitancy in denying the counter motion, because appellant presents no showing that a certificate of evidence authenticated by the judge would afford any stronger

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

basis for attacking the order of deportation than is contained in the commissioner's certificate, and because an examination of what appellant presents as the testimony in his favor discloses the usual case where the commissioner and the district judge were rightly dissatisfied with the hazy, contradictory, and improbable testimony of the Chinese person and his Chinese witnesses. Quock Ting v. U. S., 140 U. S. 417, 11 Sup. Ct. 733, 851, 35 L. Ed. 501; Chin Bak Kan v. U. S., 186 U. S. 193, 22 Sup. Ct. 891, 46 L. Ed. 1121; Ark Foo v. U. S., 128 Fed. 697, 63 C. C. A. 249; Hong Yon v. U. S., 164 Fed. 330. 90 C. C. A. 542.

The order is affirmed.