### GEE FOOK SING v. UNITED STATES.

*(Circuit Court of Appeals, Ninth Circuit. January 25, 1892.)*

1. CHINESE—EXCLUSION OF IMMIGRANTS.
   Under the fourteenth amendment to the constitution, the laws excluding immigrants who are Chinese laborers are inapplicable to a person born in the United States, and subject to its jurisdiction, even though his parents were not citizens, and, being Chinese, were not entitled to become citizens under the naturalization laws.

2. SAME—HABEAS CORPUS.
   Any person alleging himself to be a citizen of the United States, desiring to return to his country from a foreign land, and prevented from doing so without due process of law, and applying on that ground to the United States court for a writ of *habeas corpus*, is entitled to a hearing and judicial determination of the facts so alleged; and no act of congress can be understood or construed to be a bar to such hearing and judicial determination.

**3. SAME—EVIDENCE OF PLACE OF BIRTH.**

A person of Chinese parentage testified, on a hearing in *habeas corpus* proceedings to determine his right to come into the United States, that he was born in San Francisco in 1877, that he was taken to China by his parents when under three years of age, and remained there continuously until October, 1890. On the question of his birth he was corroborated only by the hearsay testimony of other Chinese persons, who had seen him but a few times. *Held,* that a finding against him should not be disturbed on appeal.

Appeal from the District Court of the United States for the Northern District of California.

Petition for writ of *habeas corpus* to determine the right of petitioner to come into the United States. Petitioner appeals from a judgment remanding him. Affirmed.

*H. B. M. Miller,* for appellant.

*W. G. Witter,* Asst. U. S. Atty.

Before DEADY, HANFORD, and HAWLEY, District Judges.

HANFORD, District Judge. From the record it appears that on October 16, 1890, one Gee Joong Ding filed a petition for a writ of *habeas corpus* on behalf of the appellant in the district court for the northern district of California, alleging, in substance, that the appellant was then illegally restrained of his liberty and imprisoned on board the steam-ship Belgic, at the port of San Francisco, by the master of said vessel; that the cause of said restraint and imprisonment was that said master claimed that the appellant was a passenger on said vessel, and a Chinese person, of the class prohibited by law from landing in the United States; that the appellant had applied to the collector of customs for the port of San Francisco to be permitted to land from said vessel, and his application had been denied by the collector; and that the appellant was not a person prohibited from entering or remaining in the United States, he having been born in the city of San Francisco, in the United States, and being a citizen thereof. Upon said petition a writ was issued, and about a year afterwards the evidence in the case was taken before a commissioner, to whom the case was referred to take proofs and report findings, according to the established practice of the district court in such cases. In his report the commissioner negatives the allegations of the petitioner in the important matter as to the citizenship of the appellant by findings that he is a subject of the emperor of China, and that he has not by sufficient evidence established his right to enter or remain in the United States. The case was heard by the district court upon the evidence so taken, and the report of the commissioner, with the result that the findings of the commissioner were affirmed, and a judgment given remanding the appellant.

The case has been submitted in this court upon the record without argument. We have considered all the questions of law and fact which we find involved, and our conclusions are that, inasmuch as the fourteenth article of the amendments to the constitution of the United States declares that all persons born in the United States, and subject to the jurisdiction thereof, are citizens of the United States, and of the state

wherein they reside, the laws excluding immigrants who are Chinese laborers are inapplicable to a person born in this country, and subject to the jurisdiction of its government, even though his parents were not citizens, nor entitled to become citizens, under the laws providing for the naturalization of aliens; that any person alleging himself to be a citizen of the United States, and desiring to return to his country from a foreign land, and that he is prevented from doing so without due process of law, and who on that ground applies to any United States court for a writ of *habeas corpus*, is entitled to have a hearing and a judicial determination of the facts so alleged; and that no act of congress can be understood or construed as a bar to such hearing and judicial determination. The evidence in the case shows that it is an admitted fact that the appellant is of Chinese parentage. His appearance and language proves that he is in all respects, save, possibly, in the one matter of his legal citizenship, a Chinaman, and not an American. He testifies that he was born in San Francisco in 1877, that he was taken to China by his parents when he was under three years of age, and that he remained there continuously until October, 1890. Under the circumstances stated by him, but little, if any, credence should be given to his own evidence as to the place of his birth, and he is corroborated on this vital point only by the testimony of other Chinese persons, who confessedly have seen him but a few times, and can give only hearsay evidence. There certainly is not disclosed in this record anything to justify this court in reversing the judgment of the district court on the ground of error in its findings of fact.

The judgment appealed from is affirmed, and the cause remanded for such further proceedings as may be necessary.