# UNITED STATES OF AMERICA *v.* KAM YOU.

## DECIDED: JULY 26, 1901.

1. The fact that a marriage ceremony according to American or Christian customs is performed after the arrival of a Chinese woman in United States territory does not alter her status so far as her right to enter the country is concerned under the Chinese Exclusion Laws; her status when she reached the Islands is the status which the Court must alone take into consideration in deciding upon her right to remain.

2. General trend of decisions upon question of evidence of birth in the United States of persons of Chinese descent is stringent.

3. Long absence in China of person of Chinese descent claiming to have been born in the United States is prejudicial to right to re-enter.

4. Where a claim of marriage is made, the woman, Kam You, being in China and the alleged husband in the Hawaiian Islands at the time of the performance of the alleged ceremony according to Chinese custom, *Held,* that it was impossible for the necessary ceremonies of a Chinese marriage of the character indicated to be completed until the alleged bride had reached the home of the bridegroom under the Chinese customs; and where a year elapsed before the bride attempted to join her alleged husband, the marriage is in an inchoate and incomplete condition, and was not completed before the entrance of the woman into the Territory of Hawaii.

CHINESE EXCLUSION LAW. PROCEEDING TO DEPORT.

*J. J. Dunne,* Acting District Attorney for plaintiff.
*Thomas Fitch,* Attorney for defendant.

ESTEE J. This is a proceeding for the deportation of one Kam You, a Chinese woman arrested by E. R. Hendry, a Deputy United States Marshal for the District of Hawaii, for being a Chinese laborer and now within the limits of the United States and of the District of Hawaii, without the certificate of

residence required by the Act of Congress of May 5th, 1892, and the Act of November 3rd, 1893, amendatory thereof, and the Act of Congress approved April 30th, 1900, providing a government for the Territory of Hawaii.

The defendant sets up as a defense to the deportation proceedings, a right to remain in the Territory upon a claim that she is a citizen of the United States having been born in Honolulu on the Island of Oahu, in the year 1888, of parents then residing in Hawaii; that she left Hawaii and went to China with her mother in 1895, leaving her father here working on a sugar plantation where he now is. And second, a claim that she was married in China in the month of April, 1900, according to Chinese custom, to Yong Hang, the said Yong Hang being at the time of said marriage, and for nine years prior thereto, and ever since a contractor, merchant and manager residing in Hawaii; that one year after said marriage said Kam You came to Honolulu to join her husband, arriving here on the steamer "Doric" in June, 1901.

The matter was heard by the Court.

The claim of defendant in this case is two fold. First, that she is a native of the Islands, and second, that she is the wife of a domiciled merchant one Yong Hang, by virtue of a marriage "according to Chinese custom" in China, while the husband Yong Hang was living in Hawaii.

Pending the trial, the United States Marshal allowed Kam You, the defendant, to remain at the house of Y. Ahin, a Chinese merchant, together with certain other Chinese awaiting deportation proceedings, there being no accommodations at the territorial jail. And while this was irregular, yet it afforded no excuse for the action of the attorney for the defendant, who having access to her as such attorney, secured a marriage license and a local minister to perform the ceremony of marriage according to American law, between this defendant and the man Yong Hang, to whom she claimed to have been already married in China, and by reason of which marriage in addition to her claim of birth, she based her right to enter and remain here.

This woman was in the custody of the Court. Her attorney was an officer of this Court, and as such obliged to see that there was no trifling with public justice or with the due administration of the law, and however great his solicitude for the cause of his client, his conduct in thus attempting to defeat the administration of the law, was wholly unprecedented and reprehensible to a degree and for which there can be no excuse.

There does not seem to be any necessity for the Court to go over again the statutes and decisions relative to cases of this character. This proceeding is on all fours with the case of the *United States v. Kut Yong*, decided July 22nd, 1901, (¹) by this Court, and wherein the law is fully referred to upon the leading points involved herein.

It is impossible for a rational mind to believe the testimony upon the point of the birth of the defendant in these Islands. Kam You swears in her answer that she was born in Honolulu in 1888; that she left Honolulu for China with her mother in 1895, leaving her father in the Islands, and who still remains here according to the testimony. She would then have been about seven years of age, and twelve years old when the alleged marriage occurred in 1900. She alleges further that she came here one year after the Chinese marriage to join her husband, namely on the steamer "Doric" in June, 1901, which would leave her just thirteen years of age.

Yet on the trial, she swears she was born in Honolulu and does not remember the year, but that she is twenty-three years of age now. By what process of reasoning she arrives at this conclusion, or how this is to be reconciled with the sworn allegations of her answer is not clear.

She further testifies that although she was six years of age when she left Honolulu, she remembers nothing of Honolulu or of any one living here, but that she knows China is her home.

And again while she sets up in her answer that she is the daughter of one Chuck See, now in the Islands, and as appears from the testimony, at present on the Island of Maui, yet the

said alleged father was not produced to identify the woman as his daughter or to offer what would seem to be the strongest evidence that could be adduced to prove her birth, namely, that of a parent.

The general trend of the decisions upon the question of evidence of birth of persons of Chinese descent in the United States, is stringent, and as was stated in the decision in the Kut Yong case hereinabove referred to, "long absence in China is highly prejudicial to the claim of the applicant for re-entry." (*Gee Fook Sing v. U. S.*, 49 Fed. 146; *In re Louie You*, 97 Fed. Rep. 580).

The circumstances attending the alleged Chinese marriage of this defendant and Yong Hang, he being in the Hawaiian Islands and she in China, at the date of the marriage, as testified to in this case, are unusual and not in conformity with the customs attending a Chinese marriage. There is no proof as to what those customs are, but according to a very interesting article found in the Encyclopaedia Brittannica, Vol. 5, Page 670, it appears that Chinese marriages are solemnized as follows:

"The bridegroom prepares two large cards on which are written the particulars of the engagement * * * one of which is sent to the lady. Following the exchange of cards, presents of more or less value according to the wealth of the parties pass between the households, and at last when the happy day arrives, the bride surrounded by her friends, starts from her father's house in a sedan chair for her future home * * * Half way between the two houses she is met by a party of the bridegroom's followers, who escort her the rest of the way. * * * On alighting from her sedan chair, she is led with her head covered into the room where her future husband awaits her. Without exchanging a word, they sit down side by side, and each tries to sit on a part of the dress of the other, it being considered that the one who succeeds in so doing, will rule in the household. * * * They then adjourn to the reception hall where stands the family altar, and where they

worship Heaven and Earth and their ancestors. This done, they drink a glass of wine together, when for the first time, the bridegroom is allowed to see the face of his bride. Here the marriage ceremony ends."

Conceding that in this case all of the preliminaries have been gone through with (it being in evidence that the parties were married "according to Chinese custom,") yet as Yong Hang was here, and the woman in China, it was impossible for the necessary ceremonies of a marriage of this character to be completed, until the alleged bride had reached the home of the bridegroom. In this instance, fully a year elapsed before the bride attempted to join her so-called husband. Until she did join him and complete the marriage ceremonies, the marriage remained in an incomplete, and inchoate state, even "according to the Chinese custom."

Such was its condition when the defendant Kam You reached Honolulu. It is evident the attorney for the defendant realized this fact and tacitly admits it by his conduct in having a new ceremony performed here between the parties according to American law.

But the status of the woman when she reached Honolulu is the status which the Court must take into consideration in deciding this case. She came into the country under the fraudulent allegation that she was the wife of a domiciled Chinese merchant.

The Court therefore is of opinion that even if the testimony relative to the Chinese marriage is to be believed, yet such marriage is incomplete, the contracting parties at the time living in different jurisdictions and the marriage never consummated before the woman's entrance into this Territory.

The defendant was therefore not the wife of Yong Hang when she reached United States territory, and any subsequent marriage cannot be a factor in deciding this case.

In view of the conclusion of the Court upon the two other questions involved in this proceeding, it would not seem necessary to pass upon the status of the man Yong Hang; but the

evidence seems to be clear that the said Yong Hang does not come within the provisions of the term "merchant" as defined in the Statute (Act of November 3rd, 1893, U. S. Stats. Vol. 28, page 7) as being a "person engaged in purchasing and selling merchandise, etc." The testimony is uncontradicted that he is simply a journeyman painter, and as such a common Chinese laborer. Were the Court to have entertained a different opinion upon the question of the marriage of these parties and have held Kam You to have been the wife of Yong Hang, she would yet partake of his status as a laborer and as such would be debarred from entering the territory, and being in under the circumstances of this case, would be unlawfully here. (*In re Ah Moy*, Vol. 21 Fed. Rep. Page 785).

It is therefore the opinion of the Court and it so holds, that not having proven her birth in these Islands, or her marriage to a domiciled Chinese merchant herein, the defendant, Kam You, is unlawfully within the United States and the District of Hawaii, and is hereby remanded to the custody of the United States Marshal, with instructions to deport her to the country from whem she came.

(1)    See *U. S. v. Kut Yong, Ante P———*.