SING TUCK et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.   February 2, 1904.)

No. 177.

1. CITIZENS—NATIVE CHINESE.

    A child born in the United States of Chinese parents, who at the time were Chinese subjects, but who had a permanent domicile and residence in the United States, and were not employed in any diplomatic or official capacity under the Chinese Emperor, became at birth a United States citizen.

2. SAME—EXCLUSION—HABEAS CORPUS.

    Where an alleged Chinese alien, apprehended in deportation proceedings, establishes a prima facie case of citizenship, he is entitled to have the legality of his detention judicially determined on habeas corpus, notwithstanding Act Cong. Aug. 18, 1894 (chapter 301, § 1, 28 Stat. 390 [U. S. Comp. St. 1901, p. 1303]), declares that the determination of the immigration officers shall be final, unless reversed on appeal to the Secretary of the Treasury.

Appeal from the Circuit Court of the United States for the Northern District of New York.

For opinion below, see 126 Fed. 386.

This cause comes here upon appeal from a decision of the Circuit Court, Northern District of New York, dismissing a writ of habeas corpus. The petitioners were Chinese persons seeking to enter the United States. They were stopped by the immigration officers, who, upon examination and inquiry, decided that they were not entitled to enter, and held them for deportation when the writ of habeas corpus was issued. The petition for the writ avers that the petitioners, although Chinese persons, were born in the United States, and are citizens thereof. The returns to the writ showed that such examination had been made, and such decision (unreversed on appeal to the Secretary of Commerce) had been arrived at. The Circuit Court held that "judgment has been passed by those officers competent and duly authorized and having jurisdiction to pronounce it, and this court is without power in this proceeding to annul or reverse it," and dismissed the writs.

R. M. Moore, for appellants.
Geo. B. Curtiss, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

---

¶ 1. Citizenship of Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.
    See Aliens, vol. 2, Cent. Dig. § 83.

LACOMBE, Circuit Judge. The statutes relating to Chinese immigration provide a method whereby all Chinese persons seeking to enter the United States shall be examined by executive officers touching their right so to enter. It is also provided in the act of August 18, 1894 (chapter 301, § 1, 28 Stat. 390 [U. S. Comp. St. 1901, p. 1303]), that "in every case where an alien is excluded from admission into the United States * * * the decision of the appropriate immigration or customs officers, if adverse to the admission of such alien, shall be final, unless reversed on appeal to the Secretary of the Treasury." It is settled by the decision in U. S. v. Wong Kim Ark, 169 U. S. 649, 18 Sup. Ct. 456, 42 L. Ed. 890, that a child born in the United States of parents of Chinese descent, who at the time of his birth were subjects of the Emperor of China, but had a permanent domicile and residence in the United States, and were not employed in any diplomatic or official capacity under the Emperor of China, becomes at the time of his birth a citizen of the United States.

In Gee Fook Sing v. U. S., 49 Fed. 146, 1 C. C. A. 211, the Circuit Court of Appeals in the Ninth Circuit held that "the laws excluding immigrants who are Chinese laborers are inapplicable to a person born in this country * * *; that any person alleging himself to be a citizen of the United States, and desiring to return to his country from a foreign land, and that he is prevented from doing so without due process of law, and who on that ground applies to any United States court for a writ of habeas corpus, is entitled to have a hearing and a judicial determination of the facts so alleged; and that no act of Congress can be understood or construed as a bar to such hearing and judicial determination." In this opinion we fully concur. We need not enter into the discussion of any constitutional questions presented on the briefs (and which do not come before this court for review). We are satisfied that, however broad the language of the exclusion acts may be, it was not within the intent of Congress to submit the right of a native-born citizen of the United States to return to the land of his birth, to the final determination of executive officers. When, therefore, a Chinese citizen of the United States is deprived of his liberty by an executive officer who is about to deport him, we are of the opinion that he is entitled to apply to the federal court for a habeas corpus to inquire into the cause of his detention. To entitle himself to such writ he must, of course, satisfy the court that he can at least make out a prima facie case in support of the proposition that he is a citizen. But when he has done that, and the writ has issued, he is not precluded from insisting upon a judicial investigation of the issue on any theory that the decision of the immigration officers is final, or that he has failed to conform to some of the regulations required in the case of Chinese persons who are aliens.

The order of the Circuit Court is reversed, and cause remanded for inquiry into the status of the individual relators. This disposition of the cause is not to be taken as an expression of opinion as to whether in any of the cases a prima facie case even was made out by petitioner.

128 F.—38

It has been suggested that this decision will affect a large number of pending causes, and will seriously interfere with the execution of the Chinese exclusion laws in the district. If the district attorney wishes to apply to the Supreme Court for a certiorari, the mandate will be held until he shall have had a reasonable opportunity so to do.