MAR SING v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 1, 1905.)

No. 1,127.

1. ALIENS—CHINESE—DEPORTATION—REVIEW.

Under Act Cong. May 5, 1892, c. 60, § 3, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1320], providing that any Chinese person arrested shall be adjudged to be unlawfully within the United States unless he shall establish by affirmative proof to the satisfaction of the judge or commissioner his right to remain, the judgment of a District Court ordering deportation of a Chinese person will be affirmed on appeal, unless the case clearly shows that an incorrect conclusion has been reached.

2. SAME—EVIDENCE.

Where a Chinese person arrested as unlawfully within the United States at the time of his arrest was working as a servant in a boarding house, and since coming to the United States had worked as a cook and deliveryman in a store in which he had no interest, he was not a "merchant" as defined by Act Cong. May 5, 1892, c. 60, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1320], as amended by Act Nov. 3, 1893, c. 14, § 2, 28 Stat. 8 [U. S. Comp. St. 1901, p. 1321], and, not having procured a certificate of residence as required by section 6, a deportation order issued against him was not error.

Appeal from the District Court of the United States for the Northern Division of the District of Washington.

Daniel Landon for appellant.

Jesse A. Frye, U. S. Atty.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge, delivered the opinion of the court.

This is an appeal from a judgment of the United States District Court for the District of Washington, Northern Division, affirming the decision of a commissioner adjudging the appellant to be unlawfully within the United States, and directing his deportation to China. At the time of his arrest the appellant was residing at Port Townsend. He was proceeded against upon the ground that he was a laborer, and had not the certificate of registration required by law. His claim is that he was a merchant, and not a laborer.

By section 3 of the act of Congress of May 5, 1892, c. 60, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1320], it is provided that any Chinese person arrested under the provisions of the act shall be adjudged to be unlawfully within the United States, unless he shall establish by affirmative proof, to the satisfaction of the judge or commissioner, his right to remain; and section 6 of that act, as amended by the act of November 3, 1893, c. 14, 28 Stat. 7 [U. S. Comp. St. 1901, p. 1321] requires Chinese laborers who are entitled to remain within the United States to obtain a certificate of residence from the collector of internal revenue of their district, failing to do which, subject to certain excuses, they shall be deported. The terms "merchant" and "laborers" are defined in section 2 of the act of 1892, as amended by that of 1893, as follows:

"Sec. 2. The words 'laborer' or 'laborers,' wherever used in this act, or in the act to which this is an amendment, shall be construed to mean both skilled and unskilled manual laborers, including Chinese employed in mining, fishing, huckstering, peddling, laundrymen or those engaged in taking, drying, or otherwise preserving shell or other fish for home consumption or exportation.

"The term 'merchant' as employed herein and in the acts of which this is amendatory, shall have the following meaning and none other: A merchant is a person engaged in buying and selling merchandise, at a fixed place of business, which business is conducted in his name, and who during the time he claims to be engaged as a merchant does not engage in the performance of any manual labor, except such as is necessary in the conduct of his business as such merchant."

The appellant, after a hearing before the commissioner, was by that officer found to be a laborer, and without the required certificate of registration, and was accordingly ordered deported. Upon appeal to the District Court a further hearing was had, and, upon testimony there taken, the District Court made a like finding, and affirmed the order of the commissioner. Under such circumstances, the established rule for this court is that the judgment of the District Court should not be interfered with, unless the case shows clearly that an incorrect conclusion has been reached. Tom Hong v. United States, 193 U. S. 517, 522, 24 Sup. Ct. 517, 48 L. Ed. 772;

Bak Kan v. United States, 186 U. S. 193, 201, 22 Sup. Ct. 891, 46 L. Ed. 1121.

A careful reading of the record satisfies us that we would not be justified in reversing the judgment appealed from. A few references to the testimony and proofs appearing in the record will make this plain. In the testimony of the appellant himself he distinctly swore that he had never performed any manual labor in Port Townsend, where he then and for many years had resided, whereas the stenographer for the Chinese Bureau, J. D. Hoye, a witness on behalf of the government, testified that immediately preceding the appellant's arrest he was engaged in waiting on the table in the house at which the witness boarded, and had been so employed, to the witness' knowledge, a little over one week. The court below found the fact to be as testified to by Hoye, and against the testimony of the appellant, with which conclusion an appellate court cannot properly be expected to interfere.

Again: A merchant is defined by the statute to be "a person engaged in buying and selling merchandise, at a fixed place of business, which business is conducted in his name, and who during the time he claims to be engaged as a merchant does not engage in the performance of any manual labor, except such as is necessary in the conduct of his business as such merchant." Turning to the record, we find that the appellant testified that he first came to the United States when he was 12 years old, and landed at San Francisco, and when asked, "What did you do when you first came to the United States?" answered, "I was in business with the King Chong Company, San Francisco, on Washington street," and that he remained in San Francisco six years, and then went to Port Townsend, where he has resided ever since, although he testified that he went back to China once during that time, and remained in China from September, 1895, to September, 1896, in which latter month he returned to the United States. He claims that his business in Port Townsend was that of a merchant, as a member of a company called the Wing Sing Company, which company conducted a grocery and drug store in Port Townsend, but, when asked what he did in that store, the appellant answered:

"Do all kind of work. Q. Well, what? A. I am nail up the box and deliver the goods to the customer. Q. Delivering them around town? A. Yes, in the town. Q. What else did you do? A. Never did any other things. Q. Never done anything else? A. No."

On the hearing in the court below, the government introduced this statement in writing, which was signed by the appellant:

"I live Port Townsend for 8 or nine years. First came to United States 12 years ago. Came on the 'Victoria' from China, landed at Tacoma, about 11 or 12 years ago, then went to Port Townsend, lived there ever since. I am cook for Wing Sing Co. to this time since I first came to United States. Never did any other work. I have no interest in the store my uncle Mar Tai owns an interest in that store, when I first came from China he only gave me a few dollars a month. I get $20 per month. I send all my money back to China. This is my picture. I had it taken at Port Townsend more than 10 years ago. I first came U. S. K. S. 19, stayed here two years, then went to China remained there about a year & came back. During those two

years I was cook in Wing Sing Co's store. I paid my fare from China, my father gave me the money—my uncle Mar Tai paid it from here to China and paid for my return—I have not paid him anything. I lived in Port Townsend when I got this paper. I don't know Mr. Bartlett or Learned. Saunders gave me this paper. My uncle Mar Tai made this paper and gave it to Mr. Saunders to sign. This paper was signed everything ready before I went to China. I have no business, never had any just cook. I don't know how much he paid for the paper. (Uncle.)

"(Sgd. in Chinese characters) Mar Sing."

The appellant in his testimony admitted that he signed the paper quoted, but testified that he did not understand English, and did not understand its contents at the time of signing it; but the witness Chin Kee, who was the Chinese interpreter for the government, testified that the statements made in the paper are the correct translation of the statements made by the appellant in Chinese, and that the appellant did understand the statements so made and signed by him.

Other matters appear in the record tending in the same direction, but we think enough has been stated to show that the case is not one in which this court would be justified in interfering with the conclusion of the court below.

The judgment is affirmed.