## Ex parte LUNG WING WUN.

(District Court, W. D. Washington, N. D. May 1, 1908.)

### No. 3,516.

1. ALIENS—CHINESE DEPORTATION PROCEEDINGS—FINDINGS OF EXECUTIVE OFFICERS—CONCLUSIVENESS.

The rule that the findings of immigration inspectors that a person apprehended for deportation is a Chinese person not entitled to enter the United States, when affirmed by the Secretary of Commerce and Labor, is final, does not prevent a citizen of the United States from invoking the protection of the courts to secure his right to live within the boundaries of his own country, guaranteed by the Constitution.

2. CONSTITUTIONAL LAW—CONSTITUTIONAL QUESTIONS—RIGHT TO RAISE.

An alien has no right to require the courts of the United States to adjudicate questions as to the constitutionality of laws enacted by Congress.

3. ALIENS—PRESUMPTIONS—EVIDENCE.

In Chinese deportation proceedings there is a natural presumption that a person of Mongolian race coming to the United States from China is an alien, to overcome which, and secure recognition of rights, privileges, and immunities pertaining to United States citizenship, convincing evidence is essential.

4. EVIDENCE—HEARSAY—PLACE OF BIRTH.

An individual's own testimony as to his place of birth is secondary evidence, and, being hearsay, is entitled to little credence, unless corroborated.

5. JUDGMENT—UNITED STATES COMMISSIONER'S DECISION—FINAL ADJUDICATION.

A decision of a United States commissioner confirming a Chinese person's asserted right to live in the United States and enjoy the privileges of a native-born citizen is not a final adjudication by a court of competent jurisdiction, free from collateral attack in a subsequent proceeding; such commissioners not being courts of the United States, ordained and established by Congress, in which the judicial power of the government can be vested.

[Ed. Note.—Citizenship of the Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.]

6. ALIENS—DEPORTATION PROCEEDINGS—UNITED STATES COMMISSIONERS—JU-
RISDICTION.

The powers and functions of United States commissioners in Chinese
deportation proceedings are confined to the issuance of warrants for
the apprehension of Chinese persons accused of being unlawfully within
the United States, to the decision of questions whether such persons are
unlawfully in the United States, to making orders directing those not
privileged to remain to be deported, and discharging from arrest those
who prove a present right to remain in the United States; such decisions
being subject to review on appeal to the District Court of the proper dis-
trict.

7. SAME—CITIZENSHIP—EVIDENCE.

Evidence *held* insufficient to establish that a Chinese person was a citi-
zen of the United States.

Habeas Corpus. Application for a writ in behalf of a person of
Chinese parentage, claiming to be a citizen of the United States whose
right to return after a visit to the Empire of China has been denied
by officers of the Immigration Bureau and by the Secretary of Com-
merce and Labor. Hearing on the merits. Case dismissed.

Elmer E. Todd, U. S. Dist. Atty.
McCafferty & Godfrey, for defendant.

HANFORD, District Judge. For convenience the individual in
whose behalf this proceeding was initiated will be referred to in this
opinion as "the contestant." He is a son of Chinese parents, and
the question to be adjudicated is whether he is an alien or a citizen
of the United States. This is necessarily preliminary to every other
question to be considered, and its determination is also the ultimate
object of the proceedings. It is preliminary, because the immigra-
tion inspectors have decided that he is a Chinese person not entitled
to enter the United States. Their decision became final by the dis-
missal of his appeal to the Secretary of Commerce and Labor, and
the courts are prohibited from interfering with the enforcement of
the Chinese exclusion laws. The Ju Toy Case, 198 U. S. 253, 25
Sup. Ct. 644, 49 L. Ed. 1040. These laws, however, cannot deprive
a citizen of the United States of the right to invoke the protection
of the courts in the right to enjoy liberty in his own country. U. S.
v. Wong Kim Ark, 169 U. S. 649, 18 Sup. Ct. 456, 42 L. Ed. 890;
Chin Yow v. United States, 28 Sup. Ct. 201, 52 L. Ed. ——. The
Constitution of the United States is the paramount law of this coun-
try, and all who are lawfully within its boundaries may claim the
guaranties of liberty which it contains, and require the courts to ad-
judicate controversies involving infringements of such rights; but
aliens who have not yet gained a foothold upon the soil are in no
position to require the courts to adjudicate questions as to the con-
stitutionality of laws enacted by Congress. The Chinese Exclusion
Case, 130 U. S. 581, 9 Sup. Ct. 623, 32 L. Ed. 1068. Therefore, if
the contestant is an alien, the question as to his right to enter the
United States is extrajudicial.

There is a natural presumption that a person of the Mongolian race,
coming to this country from China, is an alien; and to overcome
that presumption, and secure recognition of the rights, privileges,

and immunities pertaining to citizenship, convincing evidence is essential, because, in any proceeding or inquiry having for its object the lawful determination of questions affecting a claim to citizenship asserted by such a person, he is himself an exhibit, his language, manners, and physical appearance must be considered as evidence tending to prove his alienage, and without evidence sufficient to create a belief that such a person is, notwithstanding his alien parentage, a citizen by birth, the natural presumption merges into a legal conclusion. No individual can by his own testimony give convincing evidence as to the place of his birth. The reasons for this are obvious. His testimony must necessarily be classed as secondary evidence, its truthfulness or falsity being entirely dependent upon the accuracy of information communicated to him by others; and, being hearsay, it is entitled to little credence, unless corroborated. In this case, leaving out of consideration the testimony of the contestant, there is no evidence to establish his claim, except a paper, purporting to be a certificate made by a former United States commissioner in the state of New York, to the effect that in a proceeding before him it was decided and adjudged that a certain Chinese person named Lung Wing Wun was not unlawfully in the United States, but entitled as a native-born citizen of the United States to remain in this country, which certificate was in the possession of this contestant at the time of his departure from the port of Port Townsend on a trip to China in the year 1906, and a copy of it was left with the immigration inspectors at Port Townsend. It appears that they obtained information to the effect that there was such a proceeding as indicated by the certificate at the time indicated before a commissioner of the same name in the state of New York, which proceeding was adverse to a Chinese person named Lung Wing Wun, and resulted in a decision affirming his status as a native-born citizen of the United States, but that, by comparison of the document purporting to be the original certificate in the possession of the contestant with the record, it appears to be spurious, and that the ex-commissioner denied that it was the certificate which he issued, and that the official seal affixed thereto was not the genuine seal of the commissioner. For these reasons it was assumed that the contestant is not the identical person to whom the genuine certificate was issued.

He complains of unfair treatment on the part of the immigration inspectors by reason of their acceptance of said information as evidence, the same being unsworn statements obtained when he was not present, and of the deprivation of a fair opportunity to obtain the depositions of the former commissioner referred to and the witness upon whose testimony the commissioner relied in making his decision. This contention avails nothing; for, if it be assumed that the inspectors improperly received and considered unsworn testimony obtained in an illegitimate manner, and on such evidence decided the certificate to be a forgery, and if it be further assumed that the certificate is not a forgery, but genuine, and that this man is the identical person to whom the genuine certificate was originally issued, he still appears before this court without any competent evidence to prove that he was born within the United States, which fact is essen-

tial to the exercise of jurisdiction by this court. By this I mean that a genuine certificate or the record made by a commissioner is not legal evidence of the facts on which the commissioner's decision was based and that it does not create an estoppel. The theory of the case is that a decision by a United States commissioner, confirming an asserted right of a Chinese person to live in the United States and enjoy the privileges of a native-born citizen, is a final adjudication by a court of competent jurisdiction not subject to a collateral attack in any subsequent proceeding; but I hold that this theory is entirely erroneous. United States commissioners are not courts of the United States, ordained and established by Congress, in which the judicial power of the government can be vested, consistently with the Constitution of the United States. Their powers and functions are defined by acts of Congress and rules prescribed by the courts, and are not to be enlarged by implications. The utmost extent of the power conferred upon them by the Chinese exclusion law is to issue warrants for the apprehension of Chinese persons accused of being unlawfully in the United States, upon hearings to decide questions whether such accused persons are unlawfully in the United States, to make orders directing those not privileged to remain to be deported to the country from whence they came, and to discharge from arrest those who prove a present right to remain in this country; the decisions being subject to review on appeal by the District Court of the proper district. Now, let it be assumed that the decision of a commissioner in such a case, if not appealed from, is a final adjudication of the question as to the existing right of the accused person to remain in the United States, still there is no ground for the broader assumption that a commissioner may in such a proceeding establish the status of the accused person as a citizen of the United States, entitled to all the rights, privileges, and immunities of a citizen, including the right, to be subsequently exercised, of returning to the United States after a voluntary departure therefrom. A decree, to have that effect, requires the exercise of judicial power expressly conferred by law, or the powers of a court of superior and general jurisdiction.

In this case there is not only a total failure to prove by competent evidence that the contestant is a citizen, but also a failure to make a showing that there is any competent evidence which can be produced; and for that reason it is directed that an order be entered discharging the writ of habeas corpus and remanding the contestant to the custody of the immigration inspectors to be deported according to law.