## WONG CHUNG v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. August 20, 1917.)

No. 2930.

1. ALIENS &⟶32(2)—DEPORTATION OF CHINESE—TIME OF PROCEEDINGS.

Under the provision of Immigration Act Feb. 20, 1907, c. 1134, § 43, 34 Stat. 911 (Comp. St. 1916, § 4289), that the act "shall not be construed to repeal, alter or amend existing laws relating to the immigration or exclusion of Chinese persons," the provisions of sections 20 and 21 (Comp. St..1916, §§ 4269, 4270), requiring proceedings for deportation to be taken within three years after entry, do not apply to Chinese persons, who may be deported at any time under Exclusion Act May 5, 1892, c. 60, 27 Stat. 25, as amended by Act Nov. 3, 1893, c. 14, 28 Stat. 7 (Comp. St. 1916, §§ 4315–4323).

2. ALIENS &⟶32(8)—PROCEEDINGS FOR DEPORTATION OF CHINESE—SUFFICIENCY OF EVIDENCE.

A finding by both the commissioner and District Court, which heard the witnesses, against the claim of a person of Chinese descent that he was born in the United States, *held* not so clearly erroneous as to warrant its reversal; the only witnesses in support of such claim being Chinese persons, and it appearing that defendant, although about 30 years old, could not speak the English language.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Proceeding for deportation by the United States against Wong Chung. From an order of deportation, made by the District Court, defendant appeals. Affirmed.

---

&⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Duke Stone, of Los Angeles, Cal., for appellant.

Albert Schoonover, U. S. Atty., and Clyde R. Moody, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT and HUNT, Circuit Judges, and DIETRICH, District Judge.

DIETRICH, District Judge. The appellant is a person of Chinese descent, who admittedly is in the United States without right, unless, as he claims, he was born in this country. Having been apprehended for deportation pursuant to the provisions of the Chinese Exclusion Acts (27 Stat. 25; 28 Stat. 7), the burden was upon him to establish his nativity "to the satisfaction" of a judge or commissioner. Section 3, Act May 5, 1892 (Comp. St. 1916, § 4317). The commissioner found against him, and upon appeal, after a trial de novo, the District Judge reached the same conclusion, and accordingly entered an order for his deportation. From this order he has appealed.

[1] It is first contended that the order is erroneous, for the reason that the deportation was not accomplished within three years from the date of the appellant's entry into the United States, and that therefore the proceedings are barred by the provisions of sections 20 and 21 of the General Immigration Act of February 20, 1907 (34 Stat. 898). But it is expressly provided in this act that it "shall not be construed to repeal, alter, or amend existing laws relating to the immigration or exclusion of Chinese persons or persons of Chinese descent," and it is well established that the government may proceed under either the special Chinese Exclusion Acts or the General Immigration Act within three years from the wrongful entry of the Chinese person, or under the special Exclusion Acts alone, if more than three years have elapsed since the entry. United States v. Wong You, 223 U. S. 67, 32 Sup. Ct. 195, 56 L. Ed. 354.

[2] The more serious contention is that it should have been found that the appellant is native-born, and is therefore not subject to deportation. We are not particularly advised of the views of the lower court, but presumably the finding was against the appellant upon this issue of fact.

The appellant's story is, in substance, that he was born in San Francisco; that he is about 30 years of age, and is unmarried; that when he was very young his parents left him with his clansmen, and soon thereafter died; that when still a child of from 5 to 10 years of age he was brought by an uncle from San Francisco to Los Angeles, where he was placed in charge of a Chinese woman, and a few years later he was taken into a restaurant as a helper, where he remained a while, but most of his life has been spent in laundry work. Both the Chinese woman and the keeper of the restaurant testified in his behalf. He produced no witness having knowledge of his birth, and the only evidence relative thereto consists of his statement of what his uncle and other clansmen told him. He is strongly corroborated by the woman who cared for him and the Chinese restaurant keeper touching his claim that his uncle took him to Los Angeles when he was a child, and that he has resided there for about 20 years. Moreover,

it would seem to be quite incredible that the story he told to the inspector could have been fabricated upon the impulse of the moment, and before he had an opportunity to confer with friends or communicate with counsel.

Upon the other hand, it may be pointed out that there are some discrepancies and contradictions of a more or less serious character in his statements; that he produced no witness from Los Angeles, other than the two Chinese persons referred to, to establish his residence there; and that, notwithstanding his claim of birth and long residence in this country, he is apparently unable to understand or speak the English language. Were it conclusively shown that he has lived in Los Angeles since childhood, we would be inclined to give credence to the evidence touching the place of his birth, secondary though it may be, for the reason that direct evidence of the date and place of one's birth is frequently unavailable; but if the appellant has been in Los Angeles 20 years it should have been entirely possible for him to produce witnesses other than those of his own race. Furthermore, he should have explained why, if he was born in this country and has lived all of his life in a community like Los Angeles, he has not learned to speak the English language.

In view of these considerations, it is thought that we should not disturb a conclusion concurred in by both the commissioner and the District Judge. Chin Bak Kan v. United States, 186 U. S. 193, 22 Sup. Ct. 891, 46 L. Ed. 1121; Quock Ting v. United States, 140 U. S. 417, 11 Sup. Ct. 733, 35 L. Ed. 501; Gee Fook Sing v. United States, 49 Fed. 146, 1 C. C. A. 211.

Accordingly the order appealed from will be affirmed.