## AU WEE SHEUNG v. UNITED STATES.

### No. 4362.

Circuit Court of Appeals, Seventh Circuit.
Oct. 22, 1930.

Rehearing Denied Jan. 7, 1931.

John Elliott Byrne, of Chicago, Ill., for appellant.

George E. Q. Johnson, U. S. Atty., and Joseph A. Struett and Thomas Dodd Healy, Asst. U. S. Attys., all of Chicago, Ill.

Before EVANS, SPARKS, and PAGE, Circuit Judges.

SPARKS, Circuit Judge.

This is an appeal from an order of deportation. The prosecution was under the Chinese Exclusion Law, U. S. Code, title 8, § 282 (8 USCA § 282). The part of that section necessary to be considered in the determination of this case is as follows:

"Any Chinese person, or person of Chinese descent, found unlawfully in the United States, * * * may be arrested upon a warrant issued upon a complaint, under oath, filed by any party on behalf of the United States, by any justice, judge, or commissioner of any United States court, returnable before any justice, judge, or commissioner of a United States court, or before any United States court, and when convicted, upon a hearing, and found and adjudged to be one not lawfully entitled to be or remain in the United States, such person shall be removed from the United States to the country whence he came."

This section, with the exception of subsequent minor amendments, was enacted September 13, 1888.

U. S. Code, title 8, § 263 (8 USCA § 263), provides that "the coming of Chinese laborers to the United States is suspended, and it shall not be lawful for any Chinese laborer to come from any foreign port or place, or having so come to remain within the United States."

This section is derived from section 1 of the Act of May 6, 1882, c. 126, 22 Stat. 58, as amended by Act July 5, 1884, c. 220, 23 Stat. 115. The prohibition as originally enacted was for a period of ten years, but was continued for an additional period of ten years by section 1 of the Act of May 5, 1892, c. 60, 27 Stat. 25, and was made permanent by Act April 29, 1902, c. 641, § 1, 32 Stat. 176, as amended by Act April 27, 1904, c. 1630, § 5, 33 Stat. 428.

U. S. Code, title 8, § 284 (8 USCA § 284), is as follows:

"Any Chinese person or person of Chinese descent arrested under the provisions of this chapter [60] shall be adjudged to be unlawfully within the United States unless such person shall establish, by affirmative proof, to the satisfaction of such justice, judge, or commissioner, his lawful right to remain in the United States."

Appellant was taken into custody, without warrant or other process, by a United States Chinese inspector at Gary, Ind., on February 8, 1927. He was found in a laundry and was examined by the inspector, and this examination was transcribed and typewritten. Appellant was then arrested and removed from Gary to Chicago, by the

inspector, and there kept in custody without warrant or process of any kind. The next day a warrant of arrest, under U. S. Code, title 8, § 282 (8 USCA § 282), was obtained from the United States Commissioner at Chicago. The writ was served upon appellant on the same day it was issued, and he was immediately produced before the commissioner. A hearing was had on the 4th day of March 1927, before the commissioner, and an order of deportation was made. At this hearing appellent was present and was represented by his attorney, and, so far as the record alone shows, no question was raised nor objection made to the jurisdiction of the commissioner to hear the case.

On appeal from the commissioner's order, the case was heard in the District Court, and by agreement of counsel it was submitted on the typewritten transcript of the testimony taken before the commissioner.

For a reversal of this case, appellant relies upon the following alleged errors:

(1) That the trial court was without jurisdiction to enter judgment, for the reason that defendant was arrested in Indiana and removed to Illinois without process.

(2) That the statement drawn from appellant at the time of his arrest was obtained by duress, and for this reason it was erroneously admitted against him.

(3) That the order of deportation is not supported by any evidence in the case.

■ It is quite apparent that the procedure in bringing appellant from Gary, Ind., to Chicago and subjecting him to the jurisdiction of the latter district was entirely without legal sanction, and this practice cannot be too strongly condemned; but appellant is in no position to insist on this error, because the record does not show that he made objection to the jurisdiction of either the commissioner or the trial court, notwithstanding the fact that he was represented by counsel at both hearings. The right to object to the jurisdiction of the person is a privilege which appellant may waive, and a general appearance is a waiver of such right. A party may not attempt to succeed on the merits, and, if unsuccessful or subsequently unwilling to risk a decision in that court, may then be able to avert the consequences for causes not absolutely fatal to the court's jurisdiction. Great Lakes & St. Lawrence Transportation Co. v. Scranton Coal Co. (C. C. A.) 239 F. 603; Eldorado Coal & Mining Co. v. Mariotti (C. C. A.) 215 F. 51; Silverberg v. United States (C. C. A.) 4 F.(2d) 908.

After reading carefully all the evidence concerning the transaction incident to the arrest at Gary, we think there is nothing therein to support the assignment that the statement given by appellant at that place was secured by means of duress.

■ In the examination of appellant before the commissioner, he stated that he was born in the United States. This statement alone is not sufficient to overcome the heavy burden of proof cast upon a Chinaman seeking to remain in this country. Guan Lee v. United States (C. C. A.) 198 F. 596. Appellant's statement regarding residence, however, is supported rather meagerly by the following: ·

■ Lee Lung stated he had known the appellant ever since he was born, and that he was born in 1887. Lee Lung gave the name of appellant's father and mother, and stated that, after knowing the boy for a little over a year, he (Lee Lung) had then moved to St. Louis, and again met appellant when appellant was about eleven years old; that the only way he could tell that the boy he knew in San Francisco and the boy he met in St. Louis were the same was that Au Boy, this boy's clansman, told him they were the same. Dong Kwai testified that appellant was born in San Francisco; that he knew the boy for about two years, and then met him again twenty-two or twenty-three years later in Chicago; that he did not see him during that time; and that he did not recognize him, but the boy's clansman (name not given) told him that appellant was the son of Au Jim and was the boy he saw in San Francisco, and he did not recognize appellant until he was pointed out.

In appellant's statement at Gary, he said that he was forty-one years of age, and that he was born in Canton, China; that he left China in the second month, first day, K. S. 33; that it took him less than thirty days to come to the United States; and that he did not remember the name of the steamer on which he came.

The evidence as a whole did not satisfy the commissioner nor the District Court that appellant had a right to remain in the United States, and we cannot disturb the finding.

Judgment affirmed.