## UNITED STATES v. WONG GONG.
### No. 7280.

Circuit Court of Appeals, Ninth Circuit.
March 26, 1934.

Anthony Savage, U. S. Atty., and Hamlet P. Dodd, Asst. U. S. Atty., both of Seattle, Wash. (J. P. Sanderson, of Seattle, Wash., U. S. Immigration Service, on the brief), for appellant.

Leo W. Stewart, of Seattle, Wash., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal by the government from an order of the District Court of the United States for the Western District of Washington releasing the appellee, a Chinese person alleged by the government to have been found unlawfully in the United States. The proceedings were instituted pursuant to section 282 of title 8, USCA, and a hearing was had before Commissioner Elliott who ordered the deportation of appellee to China. On appeal to the District Court of the United States in a trial de novo the District Court ordered that appellee be released.

The appellee claims to be a citizen of the United States, born in San Francisco in 1903. He so testified and in legal effect the District Court so found. The appellant contends that the testimony of the appellee was insufficient to sustain the burden of proving his right to remain in the United States, which is placed upon him by 8 USCA § 284 by reason of his being a Chinese person. This claim of appellant's is predicated upon the contention that appellee's unsupported testimony that he was born in the United States is not evidence of such a claim. In support of this contention the government cites Au Wee Scheung v. United States (C. C. A.) 44 F. (2d) 681, Wong Chung v. United States (C. C. A.) 244 F. 410, Lee Sim v. United States (C. C. A.) 218 F. 432, and Ex parte Lung Wing Wun (D. C.) 161 F. 211. In each of these cases the alleged alien had not proved to the satisfaction of the District Court that he was a citizen of the United States and what was said with relation to the testimony of the witness concerning the date and place of his birth must be considered in the light of the fact that the question under consideration was whether or not the trial judge was bound to believe such testimony and not whether he could do so. The testimony of the witness as to the date and place of his birth is, of course, hearsay, but it is competent. Wigmore on Evidence, § 1501; United States v. Tod (C. C. A.) 296 F. 345. In the case at bar appellee testified before the District Court in the trial de novo and the testimony given by appellee before the Commissioner and before the Immigration Inspector as to where he had lived since his birth, was also introduced. The District Judge accepted this testimony, which, if believed, is sufficient to sustain the order. We cannot say that the testimony of appellee is insufficient and the order must be affirmed.

Order affirmed.