## MAR YEN WING v. UNITED STATES.
### No. 7133.

Circuit Court of Appeals, Ninth Circuit.
July 10, 1934.

Stephen M. White, of San Francisco, Cal., for appellant.

H. H. McPike, U. S. Atty., and Robert L. McWilliams, Asst. U. S. Atty., both of San Francisco, Cal. (Arthur J. Phelan, of San Francisco, Cal., U. S. Immigration and Naturalization Service, on the brief), for the United States.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

SAWTELLE, Circuit Judge.

This is an appeal from an order of deportation. The prosecution was under the Chinese Exclusion Laws (section 13, Act of September 13, 1888, as amended, 8 USCA § 282). After hearing on a complaint filed with a United States commissioner, appellant, a native and citizen of China, was or-

dered deported on the ground, as charged in the complaint, that he is unlawfully in the United States "without a certificate of residence and without the certificate required by the Act of May 6, 1882, § 6, as amended (8 USCA § 265)." From the order of deportation entered by the United States commissioner, an appeal was taken to the District Court, which court, after a trial de novo, entered a judgment and order of deportation.

On the present appeal, a preliminary question of jurisdiction is presented, to wit: Alleged error on the part of the District Court in overruling appellant's motion entitled, "Plea to jurisdiction of court and motion for dismissal of proceedings." The motion was based on the ground that the jurisdiction to deport a Chinese alien who has entered or been found in the United States in violation of the Chinese Exclusion Laws is vested exclusively in the Secretary of Labor, and not in the courts; or, in other words, that the enactment of section 19 of the Immigration Act of 1917 (8 USCA § 155)—which empowered the Secretary of Labor to deport by administrative proceedings, within five years after entry, aliens who have entered or have been found in the United States in violation of law—divested the judiciary of the jurisdiction given to it by the Chinese Exclusion Laws.

In our opinion, the Immigration Act of 1917 does not warrant such a construction. Section 38 (8 USCA § 178) provides that the act "shall not be construed to repeal, alter, or amend existing laws relating to the immigration or exclusion of Chinese persons or persons of Chinese descent," except as provided in section 19. We think the manifest purpose of section 19 was to give to the Secretary of Labor the power to deport, within five years after entry, aliens found to be here in violation of law; and that, as to aliens who entered beyond the five-year period, the power to deport remains where and as it was vested prior to the passage of the act; namely, in the courts. Wong Chung v. United States (C. C. A. 9) 244 F. 410.

Appellant claims to have entered the United States about eight years prior to the commencement of the deportation proceedings. To adopt his interpretation of the act would prevent the government from deporting him, and many other aliens similarly situated, because of the five-year limitation on the Secretary's authority. "No lapse of time will bar an action for deportation under the Chinese Exclusion Act." Ah Lin v. United States (C. C. A. 1) 20 F.(2d) 107, 109.

The motion to dismiss was properly denied.

The complaint charged that appellant is unlawfully in the United States without a certificate of residence, as required of Chinese laborers by section 6 of the Act of May 5, 1892, 8 USCA § 287, and without a certificate of identity, or a "Section 6" certificate, as required by section 6 of the Act of May 6, 1882, 8 USCA § 265. The latter section applies to "Every Chinese person, other than a laborer, who may be entitled to come" here; in other words, to members of an exempt class, such as merchants, teachers, students, etc.

Appellant claims to have been admitted to the United States at the port of Seattle, Wash., on November 14, 1923, as a member of an exempt class, to wit, a teacher, and he produced a section 6 certificate identifying him as such. The certificate was viséed at the American consulate general on September 29, 1923, and bears the stamp of admission of the United States Immigration Service at Seattle, dated November 14, 1923.

The government contended, and the commissioner and the District Court found, that the certificate produced by appellant is spurious; that appellant is not the person to whom the certificate was in fact issued, but that he fraudulently altered the certificate by erasing the name of the person to whom it was actually issued (Mar In Jung) and substituting his own name (Mar Yen Wing) and picture thereon.

The government does not concede that appellant is the person who was duly admitted to the United States on the section 6 certificate in question, claiming that Mar In Jung was so admitted. However, there is testimony that the Chinese characters representing the name Mar Yen Wing also represent, in some dialects, the name Mar In Jung or Yung. There is also the testimony of a handwriting expert that appellant's signature corresponds with the signature on the immigration records at Seattle.

The right of an alien Chinese to enter or remain in the United States, as a member of an exempt class, depends upon his possession of a valid section 6 certificate; the possession of which is prima facie evidence of his right to be here. Wan Shing v. United States, 140 U. S. 424, 427, 428, 11 S. Ct. 729, 35 L. Ed. 503; Ex parte Wong Gar Wah (C. C. A. 9) 18 F.(2d) 250, 251; Moy

Kong Chiu v. United States (C. C. A. 7), 246 F. 94, 96, 97. But "the prima facie character of such a certificate may be overcome by competent evidence that it was fraudulently obtained." Moy Kong Chiu v. United States, supra.

The controlling question in this case is the genuineness of the certificate in question; that is, was it in fact issued to appellant, as he claims, or was it, as found by the commissioner and by the District Court, on trial de novo, issued to a person other than appellant?

■ In reviewing the evidence, we must bear in mind "the established rule for this court * * * [in a deportation proceeding under the Chinese Exclusion Laws] that the judgment of the District Court should not be interfered with, unless the case shows clearly that an incorrect conclusion has been reached." Mar Sing v. United States (C. C. A. 9) 137 F. 875, 876. Or, as said by the Supreme Court in Tom Hong v. United States, 193 U. S. 517, 522, 24 S. Ct. 517, 520, 48 L. Ed. 772, " * * * The findings of the commissioner and in the district court in cases of this character [deportation proceedings under the Chinese Exclusion Laws] should ordinarily be followed in this court, and will only be reconsidered when it is clear that an incorrect conclusion has been reached." And see Chin Bak Kan v. United States, 186 U. S. 193, 201, 22 S. Ct. 891, 46 L. Ed. 1121; Wong Chun v. United States (C. C. A. 9) 170 F. 182, 184; Chin Hung v. United States (C. C. A. 7), 240 F. 341, 346, and cases cited; Wong Chung v. United States (C. C. A. 9) 244 F. 410, 412.

■ The certificate produced by appellant and claimed to be his bears "Consular No. 81/23." To prove that the certificate is spurious, the government introduced in evidence a photostatic copy of the duplicate of "Consular No. 81/23," which duplicate is on file at the American consulate general in China. The photostatic copy is certified to be a correct copy by the American consul at Tientsin. The certified copy shows that certificate 81/23 was issued on September 28, 1923, to one Mar In Jung, whose name is written thereon in English. On the original certificate No. 81/23 produced by appellant, his name (Mar Yen Wing) appears in Chinese characters. Appellant admits that the name originally written on the certificate has been erased and his name, written in Chinese, substituted therefor; but claims that the name erased was his own name, written in English, and that the erasure was made by the Amer-

ican consul. It is not contended that the name appearing on the duplicate is the signature of appellant.

To the certified copy of the certificate there is attached a photograph which is admittedly not that of appellant. Over this picture is impressed the official consular seal. To the original certificate there is attached a likeness of appellant, and over this picture there is also impressed the official consular seal.

Both the original and duplicate certificates contain the same descriptive data,—relating to age, height, residence, occupation, past and present, etc.—as required by the act (8 USCA § 265). Appellant's testimony in the court below is in harmony with the several dates there given, pertaining to years of schooling and teaching.

We may sum up the situation as follows: The certified copy of the certificate relied upon by appellant discloses that the certificate was issued to a person bearing a name other than appellant's; and neither the signature nor photograph on the certified copy corresponds with appellant's.

We find it impossible to reconcile the obvious contradictions, to which we have adverted, in the certificate in question and its certified copy. Appellant's attempted explanation thereof on the hearing in the court below is hazy and unsatisfactory. "In view of these considerations, it is thought that we should not disturb a conclusion concurred in by both the commissioner and the District Judge." Wong Chung v. United States (C. C. A. 9), supra, 244 F. 410, 412.

■■ At the trial, the admission in evidence of photostatic copies of the certificate in question and corresponding records of the American consulate was objected to on the ground that the evidence offered was hearsay, immaterial, irrelevant, and incompetent, and not properly authenticated. Although error is assigned to the admission of that evidence, no argument is directed thereto in the brief, except in connection with a contention that, "in the absence of a charge that appellant had fraudulently obtained admission into the United States, it was error for the court to admit evidence in respect thereto"—citing Chang Chow v. United States (C. C. A.) 63 F.(2d) 375, from this court.

We think the evidence was admissible. It was material, and tended to establish the charges contained in the complaint. It also tended to refute the testimony introduced by appellant.

It was not objected to on the ground, as was done in the Chang Chow Case, that the complaint contained no charge of fraud; but, had such objection been interposed, it would have been without merit, because, at the trial and prior thereto, appellant knew that the government claimed that the certificate was not his and that he had obtained possession of it fraudulently. The record shows that, when appellant presented the certificate to the immigration authorities at the time he appeared as a witness for his wife, he was questioned regarding the erasure which showed thereon and the photograph attached thereto. It cannot be said, therefore, that appellant was ignorant of the government's claim that he had obtained the certificate fraudulently. Although there is no charge of fraud contained in the complaint, it was "otherwise made known to the appellant." Wong Sun Fay v. United States (C. C. A. 9) 13 F.(2d) 67, 68.

The order of deportation is affirmed.